E. T. DAVIS & HATTIE L. DAVIS v. WILLIAM D. HULETT.

## Mortgage. Equity.

1. PURCHASER OF EQUITY ASSUMES MORTGAGE, WHEN. The purchaser of an equity of redemption incurs a personal liability, and is deemed to have entered into an express undertaking, to pay the mortgage, by merely accepting, without signing, a deed whose words import that such was the intention,—as that he "assumes and agrees to pay" the mortgage debt.

2. COURT OF EQUITY—JURISDICTION—SUBROGATION. In such case, when the mortgage has been foreclosed and the premises sold in accordance with the statute law of the State where they are situated, but bring an amount less than the debt, a court of equity has power and jurisdiction to compel the purchaser to pay the balance. The mortgagee is entitled to be subrogated to the rights of the mortgagor.

BILL IN CHANCERY. Heard on demurrer, September Term, 1885, WALKER, Chancellor. Demurrer, pro forma, without argument, sustained. The premises deeded to the defendant, and encumbered by the two mortgages described in the opinion, were situated in the State of Massachusetts.

J. C. Baker, for the orator.

Whenever the mortgage debt forms a part of the consideration of the purchase, although the purchaser has not entered into any covenant or agreement to pay it, he is bound to the extent of the property to indemnify the grantor. The law implies a promise to that effect from the nature of the transaction. 1 Jones Mort. ss. 736, 751; Townsend v. Ward, 27 Conn. 610; Dorr v. Peters, 3 Edwards, 132; Flagg v. Thurber, 14 Barb. 196; Sweetzer v. Jones, 35 Vt. 317; Guernsey v. Kendall, 55 Vt. 201.

But we have nothing left to presumption in this case, as the deed to the defendant from Kane had inserted right in it, after the covenant of warranty, the plain words: "Ex-

cept a mortgage to the Worcester County Institute for Savings for $1,500 and accrued interest, and a mortgage for $700 to Hattie L. Davis and accrued interest, which the grantee herein assumes and agrees to pay, and the taxes for the current year."

To create a liability on the part of the grantee to pay an existing mortgage, it is not necessary that he should sign the deed, or any obligation. His acceptance of a deed imposing this obligation is all that is necessary. 1 Jones Mort. s. 752; *Spaulding* v. *Hallenbeck*, 35 N. Y. 204; *Ricard* v. *Sanderson*, 41 N. Y. 179; *Dock Company* v. *Leavitt*, 54 N. Y. 35.

This acceptance binds the grantee as effectually as he would be bound by executing the deed himself as an indenture. *Crawford* v. *Edward*, 33 Mich. 354; *Trotter* v. *Hughes*, 12 N. Y. 78; *Huyer* v. *Atwood*, 26 N. J. Eq. 504; *Adams* v. *Smilie*, 50 Vt. 1.

The exact force of the word "assumes," when used as in this deed, without the words "and agrees to pay," has been before the courts, and is held to impose a personal liability on the part of the grantee. *Braman* v. *Dowse*, 12 Cush. 227; *Schley* v. *Fryer*, 1 East. Rep. 415; *Locke* v. *Homer*, 131 Mass. 93.

The provision of this deed is that the grantee "assumes and agrees to pay." This is an express contract, and means just what it says, and it binds the defendant personally for its fulfilment, not only as between him and the grantor, but the benefit of it inures to the mortgagee, who may in equity enforce it directly against such purchaser. *Blyer* v. *Monholland*, 2 Sand. Ch. 478; *King* v. *Whitely*, 10 Paige, 465; *Burr* v. *Beers*, 24 N. Y. 178; *Converse* v. *Cook*, 8 Vt. 164; *Purden* v. *William*, 11 C. E. Green, 210; 1 Jones Mort. s. 752.

L. W. *Redington*, for the defendant.

The remedy at law for these orators is adequate; hence they cannot resort to chancery. *Currier* v. *Rosebrooks*,

---

---

48 Vt. 34; *New Haven P. Co.* v. *Work*, 44 Conn. 237; 2 Jones Mort. ss. 1227, 1228, 1710, 1713, 1715, 1723; *Brett* v. *Wert*, 6 Allen, 79; *Brewer* v. *Dyer*, 7 Cush. 337; *Pike* v. *Brown*, 7 Cush. 133; *Goodwin* v. *Gilbert*, 9 Mass. 510; *Felch* v. *Taylor*, 13 Pick. 133; *Mars* v. *Mars*, 45 Me. 412; *Bliss* v. *Weil*, 14 Wis. 35; 8 Hun, N. Y. 373; 71 N. Y. 9; 4 Field's L. Briefs, 597.

Judgment for a deficiency cannot be rendered against a non-resident. The foreclosure by publication in this case could not establish a liability for a deficiency against the defendant. The proceedings as regards this defendant were *in rem*, not *in personam*. *Schurieyr* v. *Hickock*, 53 N. Y. 280; *Lawrence* v. *Fellows*, Walk. (Mich.) 468; 2 Jones Mort. s. 1716.

Defendant should have been made a party to the foreclosure suit in Massachusetts. 2 Hill Mort. 122, s. 40; 1 Jones Mort. s. 676; 2 Jones Mort. s. 1396; 1 Wash. R. Prop. 648, 649.

Notice should have been given to Hulett. 115 Mass. 353.

There must be a consideration to support an agreement to assume the debt. *Potter* v. *Hughes*, 12 N. Y. 74; *Gunn* v. Rogers, 47 N. Y. 238; *Law* v. *Fox*, 20 N. Y. 268; *Champ.* v. *Smith*, 71 N. Y. 26.

In order to hold defendant the deed should say, "which he assumes and agrees to pay as a part consideration of this deed." 4 Field's L. Briefs, 507.

Holder of junior mortgage, foreclosing and purchasing property, is presumed to bid value of equity of redemption only. 2 Wash. R. Prop. 585.

A second mortgage is as to the second mortgagee but an assignment of mortgagor's interest. He is assignee of the mortgagor. 1 Wash. R. Prop. 555.

The opinion of the court was delivered by

ROYCE, Ch. J. This cause was heard on demurrer to the bill. The first question made by the defendant in argument

is a jurisdictional one. The facts alleged in the bill are admitted by the demurrer, and the right of the orators to come into this court for relief depends upon the character of the allegations made in the bill, and the relief prayed for.

It is admitted that on the 9th day of February, 1884, one Owen M. Kane executed a mortgage deed to the oratrix of certain premises situate in Rutland, in the county of Worcester, to secure the payment of three notes made by said Kane, and payable to the oratrix, for the sum of $233.33 each. Upon any default in the performance or observance of the conditions of said mortgage, the oratrix was authorized and empowered to sell said mortgaged premises, and the manner in which the sale should be conducted was specified in the deed. Default having been made in the performance of the conditions of said mortgage, the oratrix, on the 3d day of December, 1884, sold said premises at public auction, and in making said sale pursued strictly the power given her in said mortgage and the statute under which the sale was made. At the time said mortgage was given to the oratrix the premises were encumbered by a previous mortgage given to the Worcester Institute for Savings to secure the payment of $1,500 and interest; and only $1.50 was realized for her interest in the premises. On the 20th day of June, 1884, the said Kane, by his warranty deed of that date, conveyed the same premises to the defendant, which deed contained the usual covenants of seizin and warranty, with the following exceptions and agreement, viz.: "Except a mortgage to the Worcester County Institute for Savings for $1,500 and accrued interest, and a mortgage for $700 to Hattie L. Davis and accrued interest, which the said grantee herein assumes and agrees to pay, and the taxes for the present year." The defendant accepted said deed, and took possession of the premises described therein, whereby it is claimed that the debt so described in said deed as being due to the oratrix became

the proper debt of the grantee, and that the orators are entitled to a personal decree against him for its payment. Kane is wholly irresponsible, and has assigned all his right and interest in the promises so made by the defendant to the oratrix, and the oratrix avers her willingness to convey whatever interest she has in said premises to the defendant upon the payment of the sum due on said notes, and the costs and charges she has been put to in the sale of the premises, and the costs of this suit. The prayer is that the oratrix be decreed subrogated to all the rights of said Kane under the promises made by the defendant in said deed, and that the amount due on said notes be ascertained and the defendant decreed to pay the same, and for further relief.

It is clear that the court has jurisdiction. The claim of a right to subrogation could only be determined in a court of equity.

The court, then, having jurisdiction, it is to be determined what relief, if any, the orators are entitled to. When one purchases land encumbered by a mortgage, he acquires by the purchase the equity of redemption, and incurs no personal liability to pay the mortgage; but if there are words in the deed importing that the grantee is to pay the mortgage to which the land is subject, he is deemed to have entered into an express undertaking to do so by the mere acceptance of the deed, without having signed it. Jones on Mortgages, s. 1713; Pomeroy's Equity Jurisprudence, s. 1206. Here, as we have seen, there was an express agreement of the defendant to pay. The promise was made upon good consideration, and the orators are entitled to have its performance enforced. There can be no doubt of the right of the oratrix to be subrogated to the rights of Kane, and if it were necessary the court would decree that she might be so subrogated.

Treating the mortgaged premises as the primary fund for the payment of the debt, they could only operate as satisfaction to the extent of their value, and the defendant is

estopped by his demurrer from questioning the legality of the sale, and the amount received thereupon that should be applied upon the debt. We see no difficulty in disposing of the case under this bill, and circuity of action will thus be avoided.

The *pro forma* decree of the Court of Chancery sustaining the demurrer, and adjudging the bill insufficient, is reversed, and cause remanded with leave to the defendant to answer by paying the costs pending the demurrer; and if he does not answer, a decree is to be entered for the orators according to the prayer of the bill, for such sum as may be found due upon said notes, with costs.