CONGREGATIONAL SOCIETY IN HUBBARDTON *v.* CHARLES L. FLAGG.

January Term, 1900.

Present : ROWELL, TYLER, MUNSON, START, and THOMPSON, JJ.

Opinion filed April 24, 1900.

*Obligations assumed by acceptance of deed—Liability enforceable in equity by party to be benefited.*—By virtue of the provisions of a bequest to the orator, one F held a fund that he was under obligation to give security for, and pay annual interest on, or to pay it over to the orator, and

while so holding it he conveyed all his property to his son in consideration of the son's assuming such obligation. By accepting such conveyance and appropriating to his own use the property so conveyed, which afterwards depreciated in value till its value was less than the amount of the fund, the son became personally liable in respect to the fund, and the orator could in equity enforce his liability.

*Same*—The liability of the son was conterminous with that of his father whose liability he assumed, and, since the father had the option to pay over the fund, instead of giving security and paying interest, the son had the same option and could not be compelled to give security.

*Construction of wills—Provision for investment of fund bequeathed—Contingent right of legatee to possession of the fund*—A direction in a will that a fund, bequeathed to the orator, should be placed in the hands of F to so remain as long as he or his heirs should pay the interest thereon annually and give sufficient security therefor, was merely a provision for the investment of the fund ; and upon failure to receive either security or interest, the orator, an incorporated society capable of holding and receiving the fund for the purpose contemplated in the bequest, was entitled to its possession.

*Costs in the Supreme Court*—Neither party having entirely prevailed on the appeal from the decree of the Court of Chancery no costs were allowed in the Supreme Court.

CHANCERY. Heard on pleadings and report of a special master, Rutland County, March Term, 1899, before *Watson,* Chancellor. Decree for the orator. The defendant appealed.

The provision of the will of Elizabeth Dunning construed in the opinion was as follows :

" I do also give and bequeath all the remainder of my estate, both real and personal, after funeral expenses and all my just debts are paid, to the First Congregational Church and Society in Hubbardton aforesaid, the interest of which to be used for the support of the preaching of the gospel annually forever, the principal to be placed in the hands of my friends, James Flagg and Amasa W. Flagg, and so to remain as long as they or their heirs pay the interest annually to the said Church and Society, with good and sufficient security. The said principal to remain as a permanent fund forever, and if in the process of time the said Congregational Church and Society shall become

extinct and cease to be, then, and in that case, it is my will that the interest on said estate be paid to the Domestic Missionary Society annually for the support of domestic missions."

The orator's bill prayed that the defendant might be directed to give good and sufficient security for the fund in question and the interest thereon, or that the defendant might be directed to pay the principal of the fund to a trustee to be appointed, and to pay the interest accrued and unpaid to the orator.

The defendant in his answer averred that he was ready and willing to release and convey to the orator the real estate conveyed to him by his father as stated in the opinion, but denied any personal liability to the orator.

The decree of the Court of Chancery was that the defendant pay to the orator the interest accrued and unpaid with costs of suit, and that, on or before a day fixed, the defendant execute and deliver to the orator good and sufficient security for the payment of all future installments of interest, with leave to the orator to apply to the court for a further decree if such security should not be given as required.

*Joel C. Baker* for the orator.

*Henry L. Clark* for the defendant.

START, J.   Elizabeth Dunning died on the 3rd day of February, 1845, leaving a will, by which, after making provisions for the payment of debts, funeral expenses and the charges of administration, she gave her estate to the orator, and provided that the same should be placed in the hands of James and Amasa W. Flagg and so remain as long as they, or their heirs, should pay the interest annually to the orator and furnish good and sufficient security therefor.   The administration of the estate was committed to James Flagg, the executor named in the will ; and, on the 5th day of November, 1845, he settled his account with the Probate Court and, after paying the debts, funeral and administration expenses, there remained in his hands to be decreed to the orator,

as provided in the will, the sum of $1214.94. Amasa W. Flagg
did not accept the trust and never received any of the sum so
found in the hands of the executor or paid any interest thereon.
James Flagg, the executor, retained the sum found in his hands as
executor and, for nearly twenty years, annually paid the interest
thereon to the orator for the purpose specified in the will. On
the 27th day of December, 1870, James Flagg, by his deed contain-
ing the usual covenants of warranty, conveyed to his son, the de-
fendant, a piece of land supposed to contain about two hundred
acres, subject however to a provision in said deed as follows:
"Provided nevertheless that it is understood that said James Flagg
is to have the use of the above described farm during his natural
life, and he is to pay the interest due the Congregational Society
from the Elizabeth Dunning fund so long as he lives, and, at his
decease, the said Charles L. Flagg shall obligate himself to assume
the same debt, then this deed shall be good and valid, otherwise
to become void." On the 27th day of February, 1872, said James
Flagg, for the expressed consideration of one dollar, executed
and delivered to the defendant a quit-claim deed of the land con-
veyed by the conditional deed. The land so conveyed to the de-
fendant was worth, at the time it was conveyed, from twenty-five
hundred to three thousand dollars, and is now worth from eight
to ten hundred dollars. The defendant did not pay any money
in consideration of said conveyance, nor did he agree to do so,
except as herein stated. At the time of the conveyance, James
Flagg had no other property, except a small amount of personal
property which he transferred to the defendant at the time the
land was deeded, as a part of the same transaction. The defend-
ant went into the possession of the land and made some payments
of interest to the orator prior to James Flagg's death, which
occurred on the 1st day of January, 1873; and, since the death
of James Flagg, the defendant has continued, and is now, in the
possession, use and enjoyment of the farm and has paid the in-
terest on said fund to the orator to the 1st day of April, 1895.
Neither James Flagg nor the defendant have given any security

for the payment of the interest on the trust fund, unless the conditional deed is such security, and no interest has been paid since April 1, 1895. The parties have had talk about the defendant's giving security for the payment of the interest, the orator requesting him to execute a mortgage of the land so conveyed and of other lands owned by the defendant. This the defendant declined to do, but offered to deed to the orator the land so conveyed; this offer was declined by the orator. The defendant also offered to pay the orator rent on the land at the rate of seventy-two dollars per annum, but this offer was declined by the orator for the reason that the defendant insisted that the money offered should be paid, if paid, as rent instead of interest on the fund.

· The trust fund was, at the time of the conveyance, in the hands of James Flagg; and he was under a duty to give the security required by the will and pay the interest annually to the orator, or pay over the principal, and was liable, at any time, to be called upon to do so. While he was thus liable, in consideration of the defendant's undertaking to assume and discharge this liability, he conveyed all his property to the defendant, the deed by which the property was conveyed containing a provision that the defendant should obligate himself to assume this debt. No particular form of words was necessary to create a personal liability on the part of the defendant; the words in the deed import the assumption of such a liability. The defendant, by accepting the deed and, under it, appropriating the property to his use, became personally liable for the discharge of the obligation then resting upon his father; and the orator, in equity, may enforce this personal obligation for its benefit. *Davis* v. *Hulett*, 58 Vt. 90; *Hodges* v. *Phelps*, 65 Vt. 303. But the defendant cannot be compelled to give security. It was optional with his father to give security and pay the interest annually to the orator, or pay the principal to the orator; and the obligations assumed by the defendant were only those that his father was under at the time of the conveyance. The bequest is to the orator. The principal is to be kept as a permanent fund and the income used by

the orator.   The principal was to be placed in the hands of James and Amasa W. Flagg and there remain only so long as they, or their heirs, should annually pay the interest thereon and keep the security good.   This direction only provided for an investment of the fund while the security was kept good and the interest annually paid to the orator; and, when the defendant ceased to pay interest and neglected to give security, the principal and unpaid interest became due and payable to the orator.   The orator is incorporated and capable of receiving and holding the estate for the purposes provided in the will, and is entitled to a decree for the sum of $1214.94, with annual interest thereon from April 1895.   Neither party having entirely prevailed on appeal, no costs are awarded in this court.

*Decree reversed and cause remanded.*