DEXTER HUNTER, APPELLANT, VS. WILSON, STEARLY & CO., APPELLEES.

1. A. can maintain a suit in assumpsit against B. upon B.'s promise to C. for the benefit of A., if the promise is not under seal.

2. Where the declaration alleges that B., in consideration of the delivery to him by C. of the cargo of a vessel consisting of valuable merchandise, promised C. that he would pay to A. a draft accepted by C. and payable to A., and that said draft was drawn by A. on C. "against the cargo," a plea by B. denying that said draft was drawn "against the cargo" tenders an immaterial issue and is demurrable.

3. When the declaration alleges that B. made a promise to C. and D. for the benefit of A., upon which promise A. brings suit against B., a plea by B. that he never promised D., is demurrable.

4. When the declaration alleges that B., upon the delivery to him of a a valuable cargo of merchandise by C., promised C. to pay to A. a debt due from C. to A., a plea by B. that there was "no consideration" for the promise, is bad.

Appeal from the Circuit Court for Duval county.

The facts of the case are stated in the opinion.

*R. B. Archibald* and *Fleming & Daniel* for Appellant.

A promise made by one party for the benefit of another —a third person—where no consideration moves from such third person, and no promise is made to him, does not give him a right of action against the promisor. The promisee alone can sue.

Langdell on Contracts, secs. 62, 63 ; Price vs. Easton, 4 B. and Ad., 433 ; Crow vs. Rogers, 1 Str., 592 ; Exchange Bank vs. Rice, 107 Mass., 37; 5th Ed. Story on Contracts, sec. 552 ; Griffith vs. Ingledew, 6 Serg. and R., 429 ; Opinion of Ch. Jus. Gibson on page 442.

An exception to the above rule is "where money or property is placed in the hands of the defendant, which in equity and good conscience belongs to the plaintiff." 5th Ed. 1 Story on Contracts, secs. 573, 485.

In this case there was no lien claimed upon the cargo turned over to Hunter in favor of the plaintiffs, and there was nothing to show that the plaintiffs depended upon this cargo to pay this draft. It was drawn upon Wm. Root, personally, and he accepted it. Plaintiffs evidently depended upon the general credit and responsibility of Root for payment, without reference to this particular cargo.

Root owed Hunter, as was admitted, more than he did the plaintiffs and the value of the entire cargo was not sufficient to pay Hunter's claim.

Under these circumstances there was nothing to take the case out of or from under the general rule first above stated; it was simply " a promise to one party for the benefit of a third person." The cargo or proceeds could not be said to belong to the plaintiffs " in equity and good conscience," unless it be because of the promise to Root, which, under the rule above stated, is not sufficient to give the plaintiff a right of action.

It is true there are authorities which hold the other way, but we think it will be found that they follow the case of Dutton vs. Poole, 1 Vent., 318, which has long since been overruled in England and in some of the United States, particularly in Massachusetts, and Landell says, (Landell on Contracts, page 80,) " it is presumed that the contrary doctrine would not now he held anywhere except where it may be considered as already established by authority."

*Jno. T. & Geo. U. Walker* for Appellees.

THE CHIEF-JUSTICE delivered the opinion of the court:

In this case the first count in the declaration alleges that one Root was indebted to Wilson, Stearly & Co. by accepted draft due July 24, 1882. That said draft was drawn against the cargo of the schooner Sarah L. Davis, which was consigned to Root, that said Root assigned and transferred said cargo to the First National Bank of Florida and endorsed to said bank the bill of lading to secure the payment of said draft. That Root was also indebted to appellant, Hunter. Hunter sued out an attachment against Root and levied it on the cargo of the Davis. The bank replevied the property. An agreement was made by Root, Hunter and the bank, that Hunter was to take the cargo of the Davis and, after paying freights, was to pay the draft due Wilson, Stearly & Co., and retain any surplus in liquidation or part liquidation of Root's indebtedness to him. The cargo was delivered to Hunter, who refused to pay said draft out of the proceeds of the said cargo.

To this count the defendant demurred.

The court overruled the demurrer and defendant excepted. Appellant claims that said demurrer should have been sustained for want of privity between Wilson, Stearly & Co. and Hunter.

Although the right of one to sue on a promise made to another for his benefit has been controverted the doctrine is now well settled that he can maintain such a suit if the promise be not under seal. See Hendricks vs. Lindsay, 93 U. S., 3 Otto, 143. In this case the court says: "It is now the prevailing rule in this country that a party may maintain assumpsit on a promise not under seal made to another for his benefit."

But if the contrary rule were in force the facts set forth are an exception to the rule. Story on Contracts, 573, while

upholding the contrary principle recognizes an exception " where money or property is placed in the hands of the defendant which in equity and good conscience belongs to the plaintiff."

The declaration alleges that the cargo of the schooner Sarah L. Davis was placed in the hands of the defendant upon his promise to pay the draft of Root to Wilson, Stearly & Co.

There was no error in overruling the demurrer.

The second assignment of error is that the court erred in sustaining plaintiff's demurrer to defendant's Pleas Nos. 1, 2, 3, 4 and 6.

The first plea alleges that the draft was not drawn against the cargo of the schooner Davis but upon Wm. Root personally—this is a tender of an immaterial issue. The suit is not based on the fact as to what or on whom the draft was drawn, but on the agreement alleged between Hunter on the one side and Root and the bank on the other.

The second plea denies that he promised the First National Bank to pay Root's draft to Wilson, Stearly & Co.; this is also immaterial. The declaration alleges that defendant promised the bank *and Root.* Defendant only denies that his promise was to the bank, the *gravamen* of the suit is a promise to pay the draft, which promise inured to the plaintiffs, and it is immaterial whether he promised one or both of them if to either it was good.

It was bad also for the reason that it violates the rule " that every pleading must be an answer to the whole of what is adversely alleged." Stephen on Pleading, 215.

The third plea alleges that the First National Bank was not authorized to represent the plaintiff.

We do not understand that in a case like the one at bar that it is necessary that the promise should be to an agent

of the party claiming the benefit of the promise. If that were true it would establish the doctrine repudiated in Kendrick vs. Lindsay, *supra*, for a promise to an agent would be a promise to the principal and there could be no question of privity.

The fourth plea denies that defendant agreed with plaintiffs or any one authorized to represent them as alleged. This plea is open to the same objections as the third plea.

The sixth plea alleges that there was no consideration moving from the plaintiffs, or any one authorized by them, for the promise. This plea is bad. No replication could be made to it except to reiterate the identical language used in the declaration. The declaration alleges that the consideration for the promise was the placing in the hands of the defendant the cargo consisting of hay, bricks and curbing stone. The plea is there was no consideration.

If defendant wished to raise this question he should have simply denied the delivery to himself of the cargo or alleged that it was of no value.

There is no error in the record and the judgment is affirmed.