Tuttle *v.* Jockmus.

---

HERMAN C. TUTTLE *vs.* CHARLES H. JOCKMUS.

Third Judicial District, New Haven, June Term, 1927.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and AVERY, Js.

The complaint alleged: The plaintiff and his wife conveyed real estate in Florida to five grantees who, in part payment, executed four notes, secured by mortgage, to the plaintiff. The land was then conveyed to the P. Co., and by it to M as trustee, each of the deeds containing a provision that the

Tuttle *v.* Jockmus.

grantee assumed and agreed to pay the plaintiff's mortgage. On the date of the last conveyance, M as trustee, entered into a declaration of trust with himself individually and two others, including the defendant, wherein it was agreed that M should hold and manage the property, with the power to mortgage, lease or sell it, for the benefit of the *cestuis que trustent*, who should share all profits or proceeds according to a stated proportion and who, in the same ratio, should bear "any and all expenses such as interest payment, mortgage payment," etc. Upon the nonpayment of one of the notes and instalments of interest due upon the others, the plaintiff, acting under an acceleration clause contained in the mortgage, brought the present action to recover from the defendant that portion of the entire indebtedness which he had promised to pay in the declaration of trust. Upon demurrer to the complaint it was *held:*

1. That the rights of the parties, so far as they were affected by the conveyances and the declaration of trust, must be determined by the law of Florida.

2. That it was unnecessary for the plaintiff to plead the law of Florida since, under §§ 5726 and 5727 of the General Statutes, this court might take judicial notice of its printed statutes and judicial decisions.

3. That while a mortgagee has no statutory right in Florida to maintain an action against a grantee of the equity upon the latter's promise to his grantor to pay the mortgage, such a right exists under the common law of that State, whether the promise is made orally, or is incorporated in the deed as an assumption of the mortgage debt and an agreement to pay it; and that the same principle applies, however far removed the grantee sought to be charged may be from the first grantee of the equity.

4. That the law of Florida accords with the law of this State in holding that a third person may sue upon a promise which is made for his direct and substantial benefit.

5. That, by executing the declaration of trust, each of the *cestuis que trustent* adopted as his own the conveyance to the trustee, solemnly declared that the equitable title was in him in the stated proportions, and promised to pay his pro rata share of the plaintiff's mortgage, thereby assuming the same position as that of a grantee of the equity to the extent of his proportional interest in the property.

6. That since these promises were for the direct and substantial benefit of the plaintiff, he was entitled to maintain the present action to recover that portion of the mortgage debt which the defendant had agreed to pay.

7. That the reference in the acceleration clause of the mortgage to the nonpayment of "this note" or any instalment of interest thereon was purely a clerical error, since it was obviously the intention of the parties that the clause should take effect in the event of a default upon any of the four notes.

Argued June 15th—decided October 3d, 1927.

ACTION upon a promise alleged to have been made by the defendant to pay a portion of a mortgage debt evidenced by a series of promissory notes payable to the plaintiff, brought to the Superior Court in New Haven County where the defendant's demurrers to the complaint and the amended complaint were sustained (*Ellis, J.,* and *Simpson, J.*) and upon the failure of plaintiff to plead further, judgment was rendered (*Simpson, J.*) for the defendant, from which the plaintiff appealed. *Error and cause remanded.*

*O. K. Reeves,* of Tampa, Florida, and *Philip Reich,* with whom was *Samuel Reich,* for the appellant (plaintiff).

*Robert L. Munger,* for the appellee (defendant).

WHEELER, C. J.  The complaint alleges that on July 3d, 1925, the plaintiff Tuttle, together with his wife, conveyed by warranty deed to Whitney Curry and five others, a tract of land in Florida.  On July 25th, 1925, these grantees executed four promissory notes payable to the plaintiff Tuttle, each for $24,000, for the unpaid balance of the purchase price for this tract, and on the same date executed a mortgage to secure their payment.  On November 3d, 1925, these grantees conveyed by warranty deed to Palmetto Properties, Incorporated, the above real estate, in which it assumed and agreed to pay the mortgage.  On the same day, November 3d, 1925, Palmetto Properties, Incorporated, conveyed this property to Musick as

Tuttle *v.* Jockmus.

trustee, subject to this mortgage, which he as trustee assumed and agreed to pay. On the same date Musick as trustee, and Jockmus, the defendant, Lalley, and Musick individually, as *cestuis que trustent,* entered into an agreement, styled therein a declaration of trust. The agreement recites the transfer of this real estate to Musick, trustee, and that the title to it is to be held by him as trustee under this declaration of trust. It then recites that in consideration of the agreements therein and of the property transferred to Musick, trustee, for the purposes of the trust, Musick covenants that he will hold, use and manage the property and the profits arising from its use or sale, for the purposes of the trust and the benefit of the *cestuis que trustent,* subject to his right as trustee to manage, sell, convey, mortgage, and lease the property, and exercise over it, at his discretion, the powers of the trust for the duration of the trust, and that all moneys, funds and properties arising from the rents, leases or sale of the property, shall be held for the benefit of the *cestuis que trustent* and be divided as follows: Jockmus, 69.6 per cent; Lalley, 15.2 per cent, and Musick, 15.2 per cent. The *cestuis que trustent* agreed that they will pay their pro rata share of any and all expenses, including mortgage payment, in the proportions specified for sharing in the profits or proceeds.

The trust is limited to a period of one year, and may be terminated sooner by the sale and disposition of the proceeds to the *cestuis que trustent* in the proportion outlined, or it may be extended for a period mutually agreed upon by the *cestuis que trustent.* In case of the death, disability or refusal of Musick to act as trustee, then the Manatee River Bank and Trust Company, or such person or persons as Jockmus and Lalley shall designate, shall be the successor in the trust, with like powers, and the title to the property

shall vest in such successor for the uses and benefits and upon the trusts above specified. This declaration was executed November 27th, 1925, and recorded December 3d, 1925.

Tuttle is the owner of the notes and mortgages referred to and they are wholly unpaid. One of the notes and the indebtedness thereby evidenced became due and payable July 25th, 1926. The notes bear interest at the rate of eight per cent per annum, payable semiannually from date. The mortgage provides: "It is covenanted and agreed, that in case this note or any instalment of interest is not paid when the same is due and payable, according to the tenor and effect of the notes . . . then the whole sum of principal and interest remaining unpaid shall, at the option of the owner . . . of the notes . . . become due and collectible at once." Instalments of interest which became due on these notes and indebtedness on January 25th, 1926, had not been paid on July 25th, 1926.

The demurrer could have been consolidated into three points, and these we will consider in the order of their proper precedence. The first of these contentions is that the law of Florida governs the construction of the conveyances and the declaration of trust, and of the promises and agreements contained therein, and by that law no action, legal or equitable, lies upon a promise contained in the deed to Musick or in the declaration of trust, to pay the mortgages outstanding against the property conveyed at the time of the conveyance. So far as the rights of the parties are affected by the conveyances and the declaration of trust they must be determined by the law of Florida. *Braman* v. *Babcock,* 98 Conn. 549, 558, 120 Atl. 150. There the land lies; there the mortgage and notes were executed; there Musick, as trustee and as an individual, and Lalley, executed the declaration of trust,

and there the acts of the trustee thereunder and the disposition of the property under the trust were to be performed. The parties to these instruments must have contemplated that the law of Florida should control the determination of their rights thereunder. *Fisk's Appeal,* 81 Conn. 433, 438, 71 Atl. 559; *Brine* v. *Hartford Fire Ins. Co.,* 96 U. S. 627, 637.

The complaint contains no allegation that the law of Florida gives to the holder of a mortgage the right to sue a purchaser of the equity of redemption, who, in the deed to him, assumes and agrees to pay the mortgage. The omission is of no legal consequence, since we have the right to take judicial notice of the printed statutes and judicial decisions of other States; General Statutes, §§ 5726, 5727; moreover, counsel for the parties assumed in argument that these might be considered in determining plaintiff's right to recover. The statutes of Florida do not accord to the plaintiff the right to maintain an action upon an assumption of, and an agreement to pay, the mortgage and the debt for which it is security, contained in the deed to Musick. They do recognize a right in the holder to have a deficiency judgment against the party or parties liable for the mortgage debt "whether such liability is primary or secondary, and whether such liability is created by the indorsement of the note or as a joint maker of the note or as a guarantor or otherwise of the obligation sought to be enforced." Florida Cumulative Statutes, 1925, § 3847, p. 756. Florida also has a statute providing that "any civil action at law may be maintained in the name of the real party in interest." This provision obviates the intervention of nominal parties plaintiffs to work out the rights of the real parties in interest, as was frequently necessary at common law, but it does not purport to create any new rights or liabilities. We must there-

fore find in the opinions of the Supreme Court of Florida, in the absence of a statute, a right in the plaintiff to maintain an action by the holder of a mortgage against a grantee of the equity upon his promise to the grantor of the equity to pay the mortgage upon the property conveyed.

The right of the mortgagee to bring an action upon an assumption of the mortgage by the grantee of the equity of redemption is ordinarily based upon the principle which permits a third party to bring an action upon a contract made for his benefit. 1 Williston on Contracts (1920 Ed.) § 384. In *Hunter* v. *Wilson, Stearly & Co.,* 21 Fla. 250, 252, it was held: "Although the right of one to sue on a promise made to another for his benefit has been controverted, the doctrine is now settled that he can maintain such a suit, if the promise be not under seal." The court quotes from *Hendricks* v. *Lindsay,* 93 U. S. 143, 149, in which the right of a third party beneficiary to sue upon a written contract not under seal is upheld, but it is expressly stated that the action would not lie if the contract were under seal. In the absence of a subsequent reversal of this pronouncement, either expressly or by necessary inference, we should feel obliged to hold that the law of Florida would not permit this plaintiff to maintain this action, since it is based upon a promise under seal. The seal in many jurisdictions has lost much of its significance in matters of procedure, as it has with us; *Hartford-Connecticut Trust Co.* v. *Devine,* 97 Conn. 193, 195, 116 Atl. 239; but we do not find that by statute this has been effected in Florida. Two decisions of the Florida Supreme Court only appear to bear upon the point we are discussing. In *Herrin* v. *Abbe,* 55 Fla. 769, 46 So. 183, Herrin held the equity of redemption of property subject to a mortgage to Abbe, plaintiff in the action to foreclose and appellee

upon this appeal, which he had orally assumed and agreed to pay at the time of conveyance to him of this equity. Herrin conveyed the equity to Whitted, who assumed and agreed to pay the mortgage indebtedness. Abbe brought foreclosure against Herrin and secured a decree which adjudged that "Whitted . . . assumed and agreed to pay the complainant's [Abbe] mortgaged indebtedness. Abbe then sought a decree against Whitted for a deficiency judgment, upon his promise to assume the mortgage indebtedness in the conveyance from Herrin to him. The court decreed that Whitted, grantee of Herrin, was personally liable for the deficiency judgment. The court held: "A parol agreement by the grantee, at the time of taking a deed of conveyance to real estate, that he will assume the mortgage indebtedness upon the property as a part of the consideration of the conveyance may be enforced in equity by the mortgagee. . . . A promise by the purchaser of lands that are subject to a mortgage, to assume and pay off the encumbrance as a part of the consideration or purchase price is not required to be in writing because it is not a promise to pay the debt of another, but it is a promise to pay to a third party the debt the grantee owes to the grantor. The fact that in thus paying his own debt the grantee incidentally discharges the debt of his grantor does not bring the promise within the statute of frauds."

The *Herrin* case was based upon an oral promise, as was *Hunter* v. *Wilson, Stearly & Co.* It did not decide, nor purport to decide, that a promise, in a conveyance under seal, to pay to a third party a mortgage debt, may be recovered upon in an action by the mortgagee against a purchaser of the equity. It does, however, decide that the action can be maintained upon an oral promise against a grantee of the equity, whether the grantee be the first grantee of the equity,

as in *Hunter* v. *Wilson, Stearly & Co.,* or the second grantee of the equity, as in the *Herrin* case. The same principle is involved, however far removed the grantee of the equity be from the first grantee of the equity. In *Brownson* v. *Hannah,* (Fla.) 111 So. 731, an opinion of a circuit court judge is adopted by the Supreme Court as its opinion and hence is of equal authority with any other opinion of that court. The essential facts were these: Brownson conveyed to Hannah by deed under seal real property and in the deed Hannah assumed and agreed to pay the mortgage outstanding upon this property. Brownson was compelled to pay this mortgage and he brought an action against Hannah to recover upon his assumption of the mortgage debt and agreement to pay it. "The gravamen of this case," says the court, "lies in the acceptance by the defendant of the deed knowing at the time that it contained a covenant that the grantee assumed the mortgage debt which is the basis of this action, and the question presented is whether or not such acceptance is equivalent to a promise under seal." The court held that the acceptance of the deed in which the grantee assumes to pay a mortgage outstanding upon the property conveyed, is equivalent to a promise under seal. The deed not having been signed by the grantee of the equity, his obligation, upon the theory of this opinion, was in the nature of a contract under seal.

This disposes of the defendant's contention in the instant case, that his liability could not be found since he had not signed the deed. It also disposes of the contention that the law of Florida only permits an action upon the oral promise of a grantee of the equity to assume a mortgage upon the property conveyed. In the course of the opinion the court also said: "By the assumption by the grantee in a deed of a mortgage indebtedness the grantee thereby becomes the primary

obligor for the debt." Its citation of and quotation from authorities fully support the court's holding: "Where a grantee in a deed poll knowingly accepts a deed in which the consideration is expressed as a certain amount, and 'other valuable considerations,' and such deed contains a clause that the grantee assumes the payment of a specified mortgage debt upon the land conveyed, he is as effectually bound by said deed as though it was an indenture deed *inter partes.*" *Peoples Savings Bank of Tallassee* v. *Jordan,* 200 Ala. 500, 76 So. 442; *Eppes* v. *Thompson,* 202 Ala. 145, 79 So. 611; *Baldwin* v. *Emery,* 89 Me. 496, 36 Atl. 994; *Beeson* v. *Green,* 103 Iowa, 406, 72 N. W. 555; *Tennessee Valley Bank* v. *Sewell,* 214 Ala. 362, 107 So. 834; *Smith* v. *Davis,* 67 Colo. 128, 186 Pac. 519; *Davis* v. *Hulett,* 58 Vt. 90, 4 Atl. 139. The holding of the court, particularly when read in the light of the cases we cite, from which the court quotes, brings the law of Florida in harmony with that of most of the States. There is no obstacle to the maintenance of an action by the mortgagee upon the promise of the grantee of the equity to assume and pay the mortgage against him in the deed of conveyance to him, in the law of Florida.

The next question we are required to answer is whether the defendant made the promise upon which this action is based. That depends entirely upon the terms of the declaration of trust. The cases which base the right of the mortgagee to sue the grantee of the equity, whose deed recites that he has assumed the mortgage outstanding upon the property, are, as a rule, based upon the theory that the assumption is one for the benefit of the mortgagee. Such title as this defendant acquired by the declaration of trust was one which arose out of that instrument and was limited and defined by it. The law of Florida as regards the right of a third party beneficiary to sue upon

a contract is the same as that generally obtaining, and as declared by us in *Baurer* v. *Devenis,* 99 Conn. 203, 121 Atl. 566. Thus we find, in *Woodbury* v. *Tampa Water Works Co.,* 57 Fla. 249, 253, 49 So. 556, the rule stated to be: "Where a contract shows its clear intent and purpose to be a direct and substantial benefit to third parties, and not merely that third parties might be benefited by it, . . . the third parties who are directly and substantially benefited by the performance of the contract may maintain an action for its breach under the statute as the real parties in interest. If a direct and substantial benefit accrues to persons severally and they are the real parties in interest they may maintain an action severally."

Our construction of the declaration of trust is made in the light of the fact that there is no difference between our law and that of Florida,—that third parties who are directly benefited by a contract may maintain an action thereon for its breach. Palmetto Properties, Incorporated, transferred this property to Musick as trustee on November 3d, 1925, and as part consideration for the deed Musick as trustee assumed and agreed to pay two mortgages outstanding, one for $96,000 and one for $37,000. On the same day it is alleged that the declaration of trust was entered into between Musick, trustee, and Jockmus, Lalley and Musick, *cestuis que trustent.* It is true that the declaration was executed by Jockmus in this State on November 21st, and later executed by Musick as trustee and individually and by Lalley on November 27th, following. Musick held the title as trustee and in no other way, and for the obvious purpose of the development and sale of the property conveyed to him for the profits that might accrue therefrom, for Jockmus, Lalley and himself. Provision is made for a successor in the trust with like powers as were vested in Musick and in whom

Tuttle v. Jockmus.

the title should become vested for the uses and benefits and upon the trusts therein recited. Provision is also made for the sharing by the *cestuis que trustent* in the expenses incurred by the trustee in the proportions specified for the distribution of the profits or proceeds from this property. If the property had been disposed of, those who had title to the proceeds would have been the named *cestuis que trustent*. Musick did not own it, he or his successor in trust held the title for the *cestuis que trustent,* who were the beneficial owners; equity would so decree upon their petition on the termination or failure of the trust. The declaration recites the transfer to Musick by the deed of November 3d, 1925, and that the deed was made to Musick as trustee and the title to the property was to be held by him as trustee under the declaration of trust. It also provides that the *cestuis que trustent* are each to pay their pro rata share of "any and all expenses, such as interest payment, mortgage payment," etc. The mortgage payment could only refer to the mortgages which Musick in his deed as trustee had assumed and agreed to pay. The *cestuis que trustent,* by their execution of the declaration of trust, adopted as their own the conveyance to Musick as trustee, made solemn declaration that the title to this property was in them in the stated proportions, and promised to pay their pro rata share of these mortgages. The declaration of trust admits of no other reasonable or legal conclusion. The payment of these mortgages by the *cestuis que trustent* could only be made to the mortgagee who would have in their payment a direct and substantial benefit, and in consequence could maintain an action against a *cestui que trust* for the payment of such proportion of the mortgages as he had agreed to assume or pay. *Woodbury* v. *Tampa Water Works Co.,* 57 Fla. 249, 253, 49 So. 556. The right of the mortgagee to en-

force the debt against the *cestui que trust* in the proportion he has assumed the debt, is undoubted. The proposition needs no further citation of authority than that found in 21 A. L. R. at page 472: "Where a purchaser from a mortgagor assumes as a part of the purchase price a portion of the debt secured by the mortgage, he becomes personally liable for the amount assumed, but not for the residue, as that does not become his personal debt. The mortgaged property, however, remains liable for the full amount of the mortgage, and the purchaser may be compelled to pay the entire mortgage debt, in order to preserve the property."

Musick, trustee, upon acquiring the equity in this property, thereby became liable for the whole of the mortgage by his assumption of and agreement to pay it. Under the declaration of trust the *cestuis que trustent* acquired an interest in the equity in this property and are in the same position as that of grantees of the equity, to the extent of their proportional interest in the property. *Lewis Oyster Co.* v. *West,* 93 Conn. 518, 107 Atl. 138; Tiffany on Real Property, Vol. 2 (2d Ed.) p. 1567. Under § 3793 of the General Statutes of Florida, Revision of 1920, in the absence of the specified proportional interests of the *cestuis que trustent* found in the declaration of trust, Musick's interest would have been a fee simple estate. He agreed in the declaration that these *cestuis que trustent* had the specified interest in the equity. This gave them an equitable interest in the property. Upon the execution of the declaration of trust, the beneficial interest in this property became vested in Jockmus, Lalley and Musick as tenants in common. The legal title remained in Musick as trustee, and he exercised, in the management of this property in behalf of the owners, the powers committed to him in

the declaration of trust for the purposes specified.   In
the event of his decease, the remaining *cestuis que
trustent* were to select a successor in whom the title
would vest in trust upon the trust declared in the
declaration. The *cestuis que trustent* agreed to pay
the mortgages in the proportions specified, and since
these payments must inure to the mortgagee, the in-
tention of the *cestuis que trustent* to benefit him is
attributed by law to them.   *Durnherr* v. *Rau,* 135 N.
Y. 219, 222, 32 N. E. 49, says that either the contract
must have been made for the benefit of another, "or
at least such benefit must be the direct result of per-
formance and so within the contemplation of the par-
ties, and in addition the grantor must have a legal
interest that the covenant be performed in favor of
the party claiming performance."   The promise in
the declaration of trust to pay the mortgage is for the
express benefit of the mortgagee.   Further, its pay-
ment was a part of the consideration of the purchase
of the property by Musick for the benefit of the
*cestuis que trustent,* including Jockmus.

The defendant's final claim is that the whole debt
is not now due because three of the notes thereof have
not matured.   The amendment to the complaint
alleges that the mortgage provided: "It is covenanted
and agreed, that in case this note or any instalment of
interest is not paid when the same is due and payable
according to the tenor and effect of the notes herein-
above described, . . . then the whole sum of principal
and interest remaining unpaid shall, at the option of
the owner and holder of the said notes and mortgage,
without notice, be precipitated to maturity, and shall
thereupon become due and collectible at once."   It is
also alleged that the note payable July 25th, 1926, is
overdue.   The defendant claims the reference to "this
note" instead of stating that in the event that "any

of these notes" is not paid when due, makes the mortgage in this particular indefinite and the acceleration provision void. The claim is without merit. The error is a purely clerical one; reference to this mortgage when read in the light of common experience makes it clear that the parties to the instrument intended to include under "note" any of the four notes which the mortgage secured.

The demurrer should have been overruled.

There is error; the judgment is set aside and the cause remanded to be proceeded with according to law.

In this opinion the other judges concurred, except MALTBIE and HINMAN, Js., who dissented.