HERMAN C. TUTTLE *vs.* CHARLES H. JOCKMUS.
WHITNEY CURRY ET ALS. *vs.* CHARLES H. JOCKMUS

Third Judicial District, New Haven, January Term, 1930.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued January 29th—decided March 31st, 1930.

*O. K. Reeves*, of Tampa, Florida, and *Philip Reich*, for the appellants (plaintiffs).

*William H. Comley*, for the appellee (defendant).

BANKS, J. The plaintiff in each case is suing upon an alleged promise of the defendant to pay a portion of a mortgage debt evidenced by a series of promissory notes drawn in his favor. The defendant is not a party to the notes or the mortgages securing them, but by virtue of a declaration of trust is an owner in part of the equitable title to the property covered by the mortgages. In the deed conveying the legal title of the property to Musick, trustee, the latter assumed and agreed to pay these mortgage debts, and in the declaration of trust the defendant agreed to pay them in proportion to his interest in the property. Upon the former appeal we held that these promises were for the direct and substantial benefit of the plaintiffs and that, under the law of Florida which accords with the law of this State, the plaintiffs were entitled to maintain these actions to recover the portion of the mortgage debts which the defendant had agreed to pay. *Tuttle* v. *Jockmus*, 106 Conn. 683, 138 Atl. 804. Since the facts alleged in the complaint in each case are

not in dispute, the plaintiffs are entitled to recover, unless such recovery is barred by reason of the facts alleged in the special affirmative defense pleaded by the defendant. This defense in substance alleges that the defendant was induced by the fraud of Musick and Lalley to join in the purchase of this property and the execution of the declaration of trust, and that the latter is therefore void and his agreement to pay any portion of the mortgage debt of no effect.

The appellants' assignments of error may be comprehended under three heads: First, that the subordinate facts do not support the court's conclusion that there was fraud on the part of Musick and Lalley which induced the defendant to take part in the purchase of this property; second, that, if there was fraud, it is no defence in these actions by the plaintiffs who were not parties to it; and, third, that the defendant did not take the proper steps to avoid his obligation by promptly disaffirming his agreement and surrendering the interest he acquired in the property.

1. In support of their contention that there was no proof of fraud on the part of Musick and Lalley the plaintiffs ask numerous corrections of the finding. Many of these seek merely to eliminate from the finding the words "fraud" and "fraudulently" as descriptive of the acts and conduct of Musick and Lalley. Granting the plaintiffs' contention that such characterization of their conduct represents a conclusion of fact, it is a conclusion which is amply supported by the subordinate facts found. Any correction of the finding which could justifiably be made would still leave a clear record of a deliberate scheme to cheat and defraud this defendant. The claim that the subordinate facts do not disclose such fraud as would justify the defendant in repudiating his agreement with Musick and Lalley does not really warrant discussion.

2. The plaintiffs further maintain—and this is the contention upon which they chiefly rely—that no fraud on the part of Musick and Lalley, whereby the defendant was induced to enter into this transaction, is available to the defendant as a defense in this action. The plaintiffs assert that the defendant, Musick and Lalley were engaged in a joint enterprise which involved the purchase of this property and its disposition at a profit to be divided among them in the porportions specified, that for the purposes of that adventure the relationship between them was that of partners, and that the defendant's liability is to be determined by the familiar principle of partnership law that the fact that one is induced by fraud to become a member of a partnership is not a defense in an action against him as a member of the partnership by a creditor of the same. The principle is well established but is not applicable to the situation here presented. It assumes the existence of a valid existing claim on the part of the creditor. To grant that assumption would be to beg the question which we are asked to solve. This is not the case of a creditor of a partnership upon a claim for goods sold or for breach of contract, as to which one of the partners denies liability upon the ground of fraud in connection with the formation of the partnership. In this case the fraud alleged inheres in the very contract by virtue of which the plaintiffs seek to recover in this action. They are claiming as third party beneficiaries. The very phrase indicates the nature of their claim and its limitations. As beneficiaries of the contract by which the defendant is held to have agreed to pay a portion of these mortgages their only claim against him is under and by virtue of that contract. If for any reason that contract is void, or voidable by this defendant, if it is tainted with fraud such that he cannot be held bound

by it to those with whom he contracted, neither can he be held bound by it to these plaintiffs who stand in their shoes and can claim no superior rights. As gratuitous beneficiaries of his contract their right is a derivative one, and subject to all the defenses which the defendant has as against his original obligees.

The right of the holder of a mortgage to recover upon an assumption of the mortgage by a subsequent grantee is allowed, either on the theory that he is a third party beneficiary of the promise of the grantee, or that, by his promise, the grantee becomes the principal debtor and his grantor the surety, and that the holder is subrogated to the right of the mortgagor against his grantee. In this jurisdiction the relation between the mortgagor and his grantee in such case is held to be that of surety and principal *(Cacavelle* v. *Lombardi,* 106 Conn. 339, 342, 138 Atl. 155), and right of recovery by the mortgagee upon such promise of the grantee is specifically granted by statute. General Statutes, § 5610. The rights of the parties under these conveyances and the declaration of trust are to be determined by the law of Florida. The statutes of that State do not authorize an action by the holder of a mortgage upon an agreement by a grantee of the equity to pay the mortgage debt, but by the law of that State he may sue as a third party beneficiary of a contract made for his direct and substantial benefit, and, as we held upon the former appeal in construing this declaration of trust, the promises of the defendant made therein were for the direct and substantial benefit of the plaintiffs, who were therefore entitled to maintain these actions as third party beneficiaries. *Tuttle* v. *Jockmus,* 106 Conn. 683, 138 Atl. 804. "On whichever theory the transferee's liability is based, there is no reason why the mortgagee, who has paid nothing to secure the agreement, should be

allowed to enforce it when lacking the reality of consent necessary to its enforcement by the promissee." 3 Tiffany on Real Property (2d Ed.) p. 2497. "The foundation of any right the third person may have, whether he is a sole beneficiary or a creditor of the promisee, is the promisor's contract. Unless there is a valid contract no rights can arise in favor of anyone. ... Further, if there is a contract valid at law, but subject to some equitable defense—as fraud, mistake, or failure of consideration—the defense may be set up against the third person." 1 Williston on Contracts (1920 Ed.) § 394. "There can be no donee beneficiary or creditor beneficiary unless a contract has been formed between a promisor and promisee; and if a contract is conditional, voidable, or unenforceable at the time of its formation, or subsequently ceases to be binding in whole or in part because of the impossibility, illegality or the present or prospective failure of the promisee to perform a return promise which was the consideration for the promisor's promise, the right of a donee beneficiary or creditor beneficiary under the contract is subject to the same limitations." American Law Institute Restatement, Contracts, p. 165, § 140. The cases uniformly uphold these statements of the rule. *Dunning* v. *Leavitt,* 85 N. Y. 30; *Clarinda National Bank* v. *Kirby,* 191 Iowa, 786, 183 N. W. 478; *Becker* v. *Nelson,* 164 Minn. 367, 205 N. W. 262; *Johns* v. *Wilson,* 6 Ariz. 125, 53 Pac. 583; *Saunders* v. *McClintock,* 46 Mo. App. 216; *Union City Realty & Trust Co.* v. *Wright,* 145 Ga. 730, 89 S. E. 822; *Ellis* v. *Harrison,* 104 Mo. 270, 16 S. W. 198; *Green* v. *Turner,* 86 Fed. 837; *Osborne* v. *Cabell,* 77 Va. 462; *Keller* v. *Ashford,* 133 U. S. 610, 10 Sup. Ct. 494; 21 A. L. R. 488; 2 Jones on Mortgages (8th Ed.) § 944.

The trial court has found that the defendant was

induced to execute the declaration of trust by the fraud of Musick and Lalley. As one of the *cestuis que trustent* under that instrument he adopted as his own the conveyance by Palmetto Properties, Incorporated, to Musick, trustee, containing the assumption by the grantee therein of the plaintiffs' mortgages. *Tuttle* v. *Jockmus, supra,* p. 694. It was Palmetto Properties, Incorporated, therefore, in legal effect, with which the defendant made the agreement to pay his proportionate share of these mortgages. But Palmetto Properties, Incorporated, was but one of the agencies employed by Musick and Lalley to deceive the defendant, and his promise made to it was a promise procured by their fraud acting through that corporation. Whether, therefore, the defendant's agreement in the declaration of trust to pay a part of these mortgages be regarded as one made with Musick and Lalley, the other signers of the instrument, or as by adoption a promise made to Palmetto Properties, Incorporated, it was one procured by fraud, which could not be enforced, either by Musick and Lalley, or by Palmetto Properties, Incorporated. It is not therefore enforceable at the hands of the plaintiffs who have no greater rights than the original obligees.

3. Finally, the plaintiffs contend that the defendant has been guilty of laches and has lost his right to rescind the contract because of a failure promptly to disaffirm it and surrender the interest he acquired in the property. The trial court has found that the defendant first learned of the fraud that had been practiced upon him on or about December 15th, 1927, whereupon, immediately after verifying the facts, on January 16th, 1928, he rescinded the contract between himself and Musick and Lalley, and notified each of them by letter that he declined to accept any obliga-

tion under the declaration of trust. This finding is attacked in the motion to correct the finding but is amply sustained by the evidence, and supports the conclusion of the trial court that the defendant was not guilty of laches. Neither title nor possession of the property had been transferred to the defendant, and no tender of reconveyance was necessary or required. *Harbor Business Blocks Co.* v. *Gregory,* 102 Kan. 33, 169 Pac. 191; 3 Black on Rescission & Cancellation (2d Ed.) § 630. The most that he could do, or was required to do under the circumstances, was to notify Musick and Lalley that he disaffirmed the contract and refused to accept any interest in the property under the declaration of trust. This he did. To put the parties *in statu quo* this would require that the defendant receive from Musick, trustee, the $46,666.67 advanced by him for the purchase of the property. The record does not disclose that he has received this sum or the probability that he ever will. Furthermore it does not appear that the plaintiffs, the fortuitous beneficiaries of this agreement, have been misled or injured in any way by any laches of the defendant, or any failure on his part in effecting a rescission of the agreement contained in the declaration of trust. 2 Jones on Mortgages (8th Ed.) § 943; *Clarinda National Bank* v. *Kirby,* 191 Iowa, 786, 183 N. W. 478; *Johnson* v. *Maier,* 194 Mo. App. 169, 187 S. W. 143; *Lloyd* v. *Lowe,* 63 Colo. 288, 165 Pac. 609.

The fact that Jockmus had an adequate remedy against Musick and Lalley does not impair his defense to this action. Two remedies were open to him, to disaffirm the transaction and return or offer to return what he had received upon recovery of what he had parted with, or to affirm the transaction and recover the damages suffered by the fraud. *Bitondi* v. *Sheke-*

*toff,* 91 Conn. 123, 126, 99 Atl. 505. He chose the former.

There is no error.

In this opinion the other judges concurred.