ORANGE NATIONAL BANK and Another, Respondents, *v.* 2235 WEBSTER AVENUE CORPORATION and Others, Defendants, Impleaded with 6802 RIDGE BOULEVARD CORPORATION, Appellant.

First Department, April 10, 1931.

*Louis J. Witkin*, for the appellant.

*Mortimer L. Rabson* of counsel [*Clarence Horwitz* with him on the brief; *Morris A. Rabinovitch*, attorney], for the respondents.

FINCH, P. J. This action is to foreclose a second mortgage on real property. The mortgage was to run until 1932. The plaintiffs elected to consider the whole of the principal sum due and payable because of non-payment of an installment of principal due on June 1, 1930, the plaintiffs thereby acquiring the right under the bond and mortgage to elect that the whole of the remaining unpaid sum secured by said bond and mortgage should become immediately due and payable. Also, the plaintiffs complain of a default by omission to pay taxes for the first half of the year 1930, which became due and payable on May 1, 1930, and that more than thirty days have elapsed since the same became due and payable. For this default likewise the plaintiffs elected, as was their right, to consider the whole of the remaining unpaid sum secured by said bond and mortgage immediately due and payable. Defendant, appellant, a junior mortgagee, interposed the only answer. The other defendants, including the owner of the fee, defaulted.

A reading of the pleadings discloses that the denials contained in the answer of appellant, when considered with the admissions in the answer, raise no material issues. We pass then to the four defenses.

The first defense alleges that on June 10, 1930, the defendant duly tendered to the plaintiffs the unpaid taxes, principal and interest. A default existing, this defense, without a showing of fraud, bad faith or unconscionable conduct, constitutes no defense in law or in equity. (*Graf* v. *Hope Building Corp.*, 254 N. Y. 1; *Pizer* v. *Herzig*, 120 App. Div. 102.)

The second defense states that from 1926 to 1930 taxes, principal and interest were paid after delays of several weeks and that on no occasion did plaintiffs make any complaint; that the appellant had no knowledge of the defaults complained of until it was served with a copy of the summons and complaint, and that immediately thereafter it tendered the sums due and the costs of this action up to the day of such tender.

Any question of a waiver of the defaults set out in the complaint is not before us, since there are no allegations in this second defense that the defendant had knowledge of the delays in payment and relied on such knowledge and, therefore, did not make a tender in due time. Furthermore, the excusing by the mortgagee of prior delays in payment on the part of the mortgagor not amounting to a general course of dealing, would not deprive the mortgagee of

the right to enforce the terms of his mortgage when he desires to do so. (Wiltsie Mort. Forec. [4th ed.] § 65; *O'Connor* v. *Meskill,* [N. J. Eq.] 39 Atl. 1061.) But, as noted, this question is not before us, since it has not been alleged that there was any general course of dealing between the mortgagor and the plaintiffs known to this appellant and upon which it relied. This defense, therefore, is insufficient.

In the third defense it is alleged that a lessee of the premises sought to be foreclosed agreed to pay the taxes, principal and interest, and that during May and June, 1930, the plaintiff Klausner conspired with this lessee to procure a default upon the mortgage and that, pursuant to such scheme, the lessee defaulted in his obligation, of which default the defendant had no notice until served with the summons and complaint, and that immediately after such service the appellant tendered the sums due, with costs, which tender was refused.

It is to be noted that this defense does not state between whom the alleged agreement was made to pay the taxes, principal and interest, but nevertheless sufficient is alleged to show the plaintiff guilty of affirmative acts amounting to unconscionable conduct, which would permit this defendant as one interested in the premises to ask the intervention of a court of equity to relieve its two days' default as to the principal and only a few days as to the taxes. (*French* v. *Row,* 77 Hun, 380; *Germania Life Ins. Co.* v. *Potter,* 124 App. Div. 814.) This third defense, therefore, requires a trial of these issues.

There is also a fourth defense and counterclaim, which is insufficient in law. In this defense it is alleged that the plaintiff Klausner sold the premises sought to be foreclosed to a realty company and represented to it that it was the intention of the parties to the mortgage that the owner should have thirty days' grace to pay the installment of principal, as well as thirty days' grace to pay the interest, and that, relying upon such representations, the realty company agreed to and did purchase the property; that this realty company sold the premises to the present owner and took back a purchase-money mortgage, at which time it represented to the maker of the mortgage and to the appellant which purchased such mortgage that the mortgage of plaintiffs had a provision for thirty days' grace to pay the principal and that the appellant purchased its junior mortgage in reliance upon such representations.

Even assuming that such representations might constitute a waiver, this defense would in no event be more than a partial defense to the foreclosure action, because there is no allegation

that there was any representation with respect to the payment of taxes. It is clear that there was sufficient default in the payment of taxes to justify the plaintiffs in electing to call due the entire principal on their mortgage. This alleged fourth defense, therefore, is at most only a partial defense, relating to a portion of the defaults set forth in the complaint. Even if these defendants might reform the mortgage so that there should be thirty days' grace to pay the principal, as well as thirty days' grace to pay the interest, such a counterclaim for reformation would not help this defendant, since because of the default in the payment of taxes this defendant would be in the same position in which it is at the present time.

It follows that the third defense is the only valid defense.

The order appealed from should, therefore, be modified by denying the motion with respect to the third defense and as so modified affirmed, without costs.

MERRELL, MARTIN, O'MALLEY and SHERMAN, JJ., concur.

Order modified by denying motion with respect to the third defense, and as so modified affirmed, without costs.