THOMAS J. RYAN, TRUSTEE, *vs.* GASPARE RIZZO ET ALS.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued December 3d, 1931—decided March 8th, 1932.

*Manuel S. Sachs,* with whom, on the brief, were *Louis Sachs, Joseph I. Sachs, Harry Alderman* and *John J. Sullivan,* for the appellants (defendants).

*Thomas R. Robinson,* with whom was *Elmer W. Ryan,* for the appellee (plaintiff).

BANKS, J.   On May 22d, 1929, the defendant Rizzo mortgaged to the plaintiff two certain parcels of land in New Haven to secure a note of $7700, bearing the same date and payable "$5000 on or before six months after date; and $2700 on or before nine months after date."   Both note and mortgage contained the following provision:   "Provided, however, that if any of the payments of interest or principal shall remain in arrears and unpaid for the space of fifteen days after the same shall fall due as aforesaid, the principal of this note shall immediately thereafter, at the option of the holder thereof, become due and payable on demand."   The mortgage also contained the following provision:   "As a part of the consideration for this deed, the mortgagee for himself, his heirs and assigns, agrees with the mortgagor, his heirs or assigns, that upon the request of the said mortgagor, his heirs or assigns, he will during the term of this mortgage release the first piece herein described upon the payment of $4400; and will release the second piece at the rate of $40 a foot when measured by the easterly line of said Sherman Avenue Parkway."   Rizzo built a three-family house upon the first piece of land covered by the mortgage which was substantially com-

pleted about November 1st, 1929, and about November 13th entered into negotiations with a trust company for a first mortgage of $4500 upon that piece. On November 22d the plaintiff and Rizzo and his attorney met at the office of the attorney for the trust company and discussed the matter of securing the loan from the trust company and the execution of the necessary papers to close the transaction, which included a quitclaim deed from the plaintiff releasing the first piece from the lien of the plaintiff's mortgage. Rizzo requested the plaintiff to execute the quitclaim deed releasing his mortgage on this piece upon the payment of $4400, and offered to pay him this amount from the $4500 to be secured from the trust company, which the plaintiff refused to do, claiming that there was due upon his mortgage on that day the sum of $5000. On December 9th, 1929, the plaintiff notified Rizzo that he exercised his option to declare the whole mortgage due and payable in accordance with its terms, and thereafter brought this action to foreclose it.

In his answer to the complaint, the defendant Rizzo alleged that, on November 22d, 1929, he had, in accordance with the terms of the mortgage, tendered to the plaintiff the sum of $4400 and demanded a release of the first piece which the plaintiff had refused to execute, and claimed as affirmative relief an order that the plaintiff execute such release upon the tender to him of such sum or its payment into court. A number of materialmen, who claimed mechanics' liens upon the property, filed answers containing the same allegations. The court found that there was due the plaintiff from the defendant Rizzo on November 22d, 1929, the sum of $5000, that Rizzo breached his agreement by refusing to pay the same, and that his tender of $4400, even if a valid one, constituted no defense to the action. It also found that the defendant mechan-

ic lienors were not, upon the facts found, entitled to the benefit of the release clause in the mortgage.

The fundamental questions in the case are, (1) whether the defendants, or any of them, had, on November 22d, 1929, a right to have the piece of property upon which the house stood released from the lien of the mortgage upon the payment of $4400, and (2) if so, whether there was a valid tender of that sum legally equivalent to such payment.

By the terms of the note and mortgage $5000 became due and payable upon the note on November 22d, 1929, and it was the claim of the plaintiff that Rizzo was in default as to this payment, and therefore not entitled to a release upon the payment of the less sum of $4400. The defendants' first claim is that the note and mortgage provided for a period of fifteen days grace within which the $5000 payment could be made, and that Rizzo was not therefore in default on November 22d. This claim is based upon the acceleration clause in the note and mortgage above recited. It is apparent that the amount becoming due and payable at the option of the holder of the note, upon default under this clause, is the entire face of the note, $7700, and not the instalment of $5000 which by the terms of the note became due on November 22d regardless of the acceleration clause. The defendants claim that, even though Rizzo was in default as to the $5000 payment on November 22d, he was entitled to a release upon payment or tender of $4400 on that date, and that he made such tender.

The trial court found that neither Rizzo nor any of the mechanics' lienors were at any time ready, able and willing to pay the sum of $4400. The defendants in their assignments of error claim numerous corrections in the finding as the basis for a finding that there was a valid tender of $4400. In the view we take of

the case, none of these corrections, if made, would avail them. Even though Rizzo made a valid tender on November 22d, or was then ready, able and willing to do so and, as claimed by the defendants, the plaintiff, by his conduct, waived the actual offer of the money, this would not, upon the undisputed facts in the case, constitute a defense to this action.

The respective rights and obligations of the parties are fixed by the terms of the note and mortgage. In them the mortgagee agrees that, upon the request of the mortgagor, his heirs or assigns, he will, during the term of the mortgage, release the first piece of property therein described upon the payment of $4400. In the same instrument the mortgagor promises to pay the mortgagee $5000 on or before six months after date. The six months expires and the mortgagor is under the duty to pay the mortgagee $5000. This he refuses to do, but claims the right to hold the mortgagee to his agreement to give a release upon the payment of $4400. The condition in the mortgage as to the payment of the $5000 and the release clause are not separate and independent undertakings, but are reciprocal provisions of the same instrument to be read and construed together. Thus read and construed, it is apparent that the clause providing for the release upon payment of $4400 during the term of the mortgage was not intended to give the mortgagor a right to the release after the due date of the $5000 payment without regard to the provision requiring such payment. It is to be assumed that both parties intended to perform their respective obligations under the mortgage. One of the obligations assumed by the mortgagor, Rizzo, was to pay $5000 on or before six months after the date of the note, that is, on or before November 22d, 1929. After that date Rizzo, if he had made the payment of $5000 as required by his con-

tract, would be entitled to a release of both pieces upon the payment of $2700, the balance of the note. The right to a release of the first piece upon the payment of $4400 would then be of no value to him, since, upon the payment of the lesser sum of $2700, he could obtain the release of both pieces. The stipulation for the partial release, when read in connection with the other provisions of the mortgage, shows the intent of the parties that the mortgagor should have that right only so long as he was not in default in the payment of the $5000 instalment of the principal which was due and payable on November 22d.

In his answer and counterclaim the defendant Rizzo is asking for the specific performance by the plaintiff of the release clause of the mortgage, but has not performed, or alleged that he is ready and willing to perform, his reciprocal obligation under the same instrument. He who seeks equity must do equity. He cannot demand as of right the aid of a court of equity to enforce in his own behalf an obligation of the other party to an instrument while disregarding an equally binding obligation upon himself arising out of the same instrument.

Cases may be found in which it has been held, in the absence of equitable considerations, that the privilege of a partial release survived a default on the part of the mortgagor when it appeared from the language of the covenants in the mortgage that such was the intention of the parties. In a number of cases cited upon the defendants' brief it was held that the release covenant ran with the land, and it was enforced after default by the original mortgagor in favor of the purchasers of lots into which the larger tract covered by the mortgage had been subdivided. In cases where, as here, a mortgagor was seeking a specific performance of the release covenant, he has been denied equitable

relief when he was in default upon his own obligations under the mortgage. *Reed* v. *Jones,* 133 Mass. 116; *Harris Realty Co.* v. *Epstein,* 266 Mass. 366, 165 N. E. 402; *Werner* v. *Tuch,* 52 Hun, 269, affirmed, 127 N. Y. 217, 27 N. E. 845; *Fulton* v. *Jones,* 153 N. Y. Supp. 87; *Gillies* v. *Dyer,* 93 N. J. Eq. 635, 117 Atl. 611; *Chrisman* v. *Hay,* 43 Fed. 552; *Toole-Tietzen & Co.* v. *Colorado River Development Co.,* 38 Fed. (2d) 850; 2 Jones on Mortgages (8th Ed.) § 1259.

The mechanic lienors stand in no better situation than Rizzo. Even if the provision for a release of the first piece upon the payment of $4400 be regarded as a covenant running with the land, and if the lienors are entitled to the benefit of such a covenant, they would have no greater rights than the defendant Rizzo, nor would they if, as they now claim, they were entitled to the benefits of the release clause as third party beneficiaries. *Tuttle* v. *Jockmus,* 111 Conn. 269 149 Atl. 785.

There is no error.

In this opinion the other judges concurred.