CITY BANK FARMERS TRUST COMPANY and Another, Trustees under the Last Will and Testament of CLARENCE R. WEST, Deceased, Plaintiffs, *v.* JACOB HECKMANN and Others, Defendants.

Supreme Court, Westchester County, April 7, 1937.

*Mitchell, Taylor, Capron & Marsh,* for the plaintiffs.

*Henry M. Powell,* for the defendants Jacob and Rosa Heckmann and George and Agnes Wehse.

PATTERSON, J. This action is to foreclose a mortgage and to cancel and reform a release of a certain strip of land from the lien of the mortgage on the ground of mistake or fraud and to declare said release either void or to be a release of merely an easement and not of the fee and thus subject to the lien of the mortgage.

The answer puts in issue the allegations of mistake and fraud and sets up as partial defenses the covenant contained in the mortgage providing for the release of certain acreage upon the payment of a certain sum, the tender of money sufficient to release two specific acres of the property, pursuant to such covenant and the refusal of the plaintiffs to so release.

The answer also alleges these same facts by way of counterclaim and demands specific performance of the covenant to release the two acres in question.

It is undisputed that before the request to release and the tender thereunder, the defendant was in arrears in the payment of taxes. The mortgage contained a covenant that the whole of said principal sum shall become due after default in the payment of any installment of principal or interest for twenty days or after default in the payment of any taxes for sixty days after the same becomes due and payable, and, further, that the mortgagor will pay all taxes, assessments, and in default thereof, the mortgagee may pay the same.

It is significant in connection with this covenant for the payment of taxes that it does not contain the words " after notice and demand," hence, apparently, the principal of the mortgage became due without demand and before any tender was made for the release.

In the instant case the words " notice and demand," which appeared in the printed blank, had been stricken out, evidencing the clear purpose that the parties did not intend that a demand for the payment of taxes would be necessary in order to effect an acceleration of the due date of the principal. No election was necessary.

I do not think the defendants can maintain their position that the failure to pay taxes was not a default under the mortgage. There were arrears in payment of taxes on April 1, 1935, and again on September 1, 1935, for the payment of which the plaintiffs made repeated demands upon the mortgagor. It is undisputed that the first time tender of cash was made to the plaintiff by the defendant Heckmann for the release was on October 30, 1935. Therefore, it cannot be questioned that, when the defendant Heckmann first tendered cash for the release of the two acres in question, not only had the taxes been in default for sixty days, whereupon, according to the covenant of the mortgage, the principal became due, but the plaintiffs had refused to deliver the release of the premises because the taxes were unpaid, and there was, therefore, a default under the terms of the mortgage.

The question is: Did the right to a partial release survive the default in the payment of the mortgage debt with interest when it became due? To ascertain the objects and purposes of the mortgage, the instrument was to be examined as a whole. Is the release clause to be viewed as independent of the mortgagor's covenants? *Clason's Point Land Co.* v. *Schwartz* (237 App. Div. 741, 744) seems to be clear authority to the contrary. There the court held:

" The release clause [similar to the one in the instant case] is not to be viewed as independent of the mortgagor's covenants. The various provisions of the mortgage must here be construed together

as dependent stipulations. The right in the mortgagor to pay stipulated amounts for the release of parts of the mortgaged premises was a privilege of which she might have availed herself, but apparently did not. The payment of the interest and taxes was, on the other hand, a definite obligation.

" Furthermore, respondent may not have the aid of a court of equity in enforcing a privilege under a contract, when she herself has disregarded, and failed to perform, other essential obligations resting upon her. The relief here granted is virtually a direction that there be specific performance by the mortgagor of the release clause, notwithstanding respondent's failure to perform obligations undertaken by her and arising out of the same contract. The stipulations for the partial release when read in connection with the other provisions of the mortgage show the intent of the parties that the mortgagor should have that right only so long as she was not in default."

Of the same tenor is *Ryan* v. *Rizzo* (114 Conn. 467; 159 A. 272); *Fulton* v. *Jones* (167 App. Div. 765); *Werner* v. *Tuch* (52 Hun, 269; affd., 127 N. Y. 217).

I cannot follow defendant's contention that the plaintiffs have waived any rights under the mortgage as to payment of taxes. He seems to argue that because upon numerous occasions taxes and interest were not paid when due and that plaintiffs permitted delayed payments to be made without protest or objections, this was a waiver of the right of plaintiffs to declare the mortgage in default upon non-payment of taxes when due. *Orange National Bank* v. *2235 Webster Ave. Corp.* (232 App. Div. 93) is apparently authority to the contrary.

It is my conclusion that the defendant, being in default in the payment of taxes for the stipulated period in the covenant at the time of the tender for the release and the principal of the mortgage becoming mature, he is in no position to demand judgment for specific performance of the covenant to release.

As to the release granted by the plaintiffs to the defendant Heckmann.

It is the plaintiff's contention that it should be declared void for want of consideration or it should be reformed. It is my opinion that they are not entitled to either relief.

So far as want of consideration is concerned, there was ample consideration to sustain the release and to justify the trustees in granting it. They did not give away any assets of the estate through the medium of the release. They merely released part of the mortgaged premises from the lien of the mortgage. The mortgage was not the asset, it was the bond that was the principal

indebtedness. The mortgage was only collateral or security for the principal debt; further, the release can be readily sustained so far as consideration is concerned, on the ground that the construction of the sewers through the property undoubtedly inured to the enhancement in value of the remaining security, namely, the mortgaged premises. So that, not only was there no giving away of any part of the *corpus* of the estate by the plaintiffs without consideration, but they merely released part of the premises for other good consideration, namely, the construction of a sewer. The release can further be justified on the ground that there had been a reduction in the principal indebtedness by some $5,000 before the release was given. The reduction of the principal indebtedness justified a release of part of the collateral.

The plaintiffs' further contention in reference to the release that it should be voided or at least be reformed so as to be in accord with the intent of the parties, namely, a grant of an easement in the premises rather than the grant of the fee, is not sustained by the evidence.

The facts as developed on the trial failed to prove any mistake or fraud justifying either a voiding of the release or its reformation.

It is significant to note that no officer of the trust company which executed the release took the stand and testified that he did not know what he was signing. I see no evidence of a mistake either mutual or unilateral. As a matter of fact, the plaintiff Demarest did not acknowledge his signature to the release until after this action was commenced. As a general proposition, one who signs an instrument after having had an opportunity to read it or to have his attorney examine it cannot claim ignorance of its provisions. Proof of mistake in actions for reformation must be clear and convincing, and reformation must be refused unless the proof is of the most satisfactory character.

It follows that judgment should be that the complaint be dismissed in so far as it requests that the release of the mortgage be voided or reformed; that the counterclaim of the defendant Heckmann be dismissed and the plaintiffs have judgment of foreclosure and sale of all the property described in the complaint except that strip released to the town of Greenburgh to construct a sewer.

Let judgment be entered upon the facts here found.