CHARLES L. O. EDWARDS ET AL.
*vs.*
MARTHA B. DOUGLAS ET AL.

Superior Court          New Haven County          File No. 58176

MEMORANDUM FILED MAY 6, 1940.

*Light & Light*, of South Norwalk, for the Plaintiffs.

*Daggett & Hooker*, of New Haven, for the Defendants.

CORNELL, J.   The cause of action described in the complaint predicates upon two agreements mentioned in paragraphs 5 and 11, respectively.   Both of these were oral and both are alleged to have been made in the State of California.   Both, too, are concerned with an undertaking to devise or bequeath property or to make provision by will for another.   The special defense, in substance, states that: (1) the validity of such agreement is governed by the law of California; (2) according to the latter "an agreement to devise or bequeath any property or to make any provision for any person by will is invalid unless the same or some note or memorandum thereof is in writing and subscribed by the party to be charged or by his agent"; (3) neither of said agreements was in writing subscribed by Harriet H. Edwards or by her agent; nor (4) was there any note or memorandum of either of them in writing and subscribed by Harriet H. Edwards or by her agent.   The first of these is an allegation of a conclusion of law and so is not admitted by the demurrer.   *Coughlin vs. Knights of Columbus*, 79 Conn. 218.   The others state, in effect, the purport of a statute of frauds in California of which this court takes judicial notice even on demurrer.   Gen. Stat. (1930) §5599; *Tuttle vs. Jockmus*, 106 Conn. 683, 688, and *Warneke vs. Preissner*, 103 id. 503, 505.

The first ground of demurrer to this special defense projects the proposition that the statutory provision in question is not substantive in character but procedural only and, hence, that it will not be applied in this state.   In short, the claim is that

the effect of such statute of frauds is not to make oral agree-ments of the type mentioned therein absolutely void but only to prohibit proof of them by parol.  It invokes the oft-quoted rule that the question of what evidence may be introduced is one that is governed by the *lex loci fori* and hence, maintains that the contents of the special defense afford no defense to the cause of action set forth in the complaint.  In so doing, the defendants rely upon certain decisions construing the statute in question in California.  Of these, too, this court takes judicial notice on demurrer.  Gen. Stat. (1930) §5600; *Tuttle vs. Jock-mus* and *Warneke vs. Preissner*, both *supra; Simon vs. Nelson*, 118 Conn. 154, 156; *Card vs. Bissing*, 114 id. 71, 74; *Eva vs. Gough*, 93 id. 38, 46.  In effect, the court is asked to decide what the law of California is in this connection on demurrer as was done in *Tuttle vs. Jockmus* and *Warneke vs. Preissner*, both *supra*.  If the special defense were silent as concerns the law of California or had merely pleaded the statute, it would appear from the cases cited *supra* that the court would, at least, be justified and, perhaps, under the duty of following that course, here.

But to merely quote a statute, for example, is not necessarily to state the law on the subject to which the statute applies. Palpably, the true meaning of a statute is often not what it ap-parently signifies when considered alone.  That can only be revealed when its provisions are analyzed in the light of many other considerations, among which often are the subject to which it relates; the state of the law regarding the matter with which it is concerned at the time of its enactment; the mischief which it is designed to remedy or the uncertainty or confusion in the body of the law which it purposes to illumine.  Reference need only be made to the experience which the California statute mentioned has already had to illustrate this.  For, as counsel for plaintiffs shows in his brief, that statute provides that oral contracts of the character involved here are "invalid"; that in earlier days the courts of California took this language at face value and decreed such undertakings absolutely void but in later times have held that "invalid" as used in it is merely synonomous with "unenforceable."  The Connecticut statutes (Gen. Stat. [1930] §§5999, 5600) which permit our courts to take notice of the printed statutes and decisions of the courts of the several states cannot be construed to mean that the mere act of taking cognizance of such statutes and decisions in itself constitutes notice of what the law may be in respect

of the subject to which such statutes and decisions relate. Statutes and decisions in foreign states, as well as in our own, are but the signposts which point the way to the ascertainment of the law but are, themselves, evidence only of what the law may be found to be (*Hale vs. N. J. Steam Navigation Co.*, 15 Conn. 539, 550), although the evidential value of either a statute or decision may under some circumstances be conclusive. *Hale vs. N. J. Steam Navigation Co.*, supra, 550. Neither are, however, in themselves necessarily decisive, since the final determination depends upon the construction or interpretation to be given them in the light of any one of a number of influences of policy, philosophy, economic and social concept operating upon the mind of the judge and shaping his final opinion. The formal announcement of the conclusions so reached in the form of a decision in a given case is the law as concerns that case. And this as respects a sister state is a question of fact in another state of the forum. *Hale vs. N. J. Steam Navigation Co.*, supra, 550; *Lockwood vs. Crawford*, 18 Conn. 361. The significance of all this at the present juncture is this: That while the defendants in their special defense recite in substance the content of the California statute they do not plead that statute as such, but on the contrary assert that what they say is "the law of California", which connotes, of course, either the conclusion stated in a decision of unequivocal character treating of the application of the statute, or a result derivable from the construction of the statute in the light of the body of the decisions which have examined it in the courts of California.

As noted, *supra*, this in Connecticut must be treated as a question of fact and as such is admitted by the defendants in their demurrer to the special defense. Necessarily, to concede, as the plaintiffs must be held to do for the purposes of the demurrer, that the law of California is as stated in the special defense is to render the demurrer addressed to it ineffective.

The second ground of demurrer assigns as a reason therefor that in view of the allegations contained in the complaint the special defense is insufficient since the defendants are equitably estopped to claim its benefits. "This is a claim in a court of equity and the conduct of the plaintiff is subject to scrutiny, since he who claims equity must do equity." *Basak vs. Damutz*, 105 Conn. 378, 385. Obviously, the inquiry required to determine whether there is basis for the invocation of an equitable estoppel precludes determining that question on demurrer.

The demurrer is overruled on both grounds.