BRIDGETT M. SHAWHAN *v.* JASON S. LANGLEY
(SC 15949)

Callahan, C. J., and Borden, Berdon, Palmer and McDonald, Js.

---

[35] See footnote 7 of this opinion.

Argued March 19—officially released June 22, 1999

*John H. Hanks*, for the appellant (defendant).

*Todd R. Bainer*, for the appellee (plaintiff).

*William F. Gallagher* and *Kurt D. Koehler* filed a brief for the Connecticut Trial Lawyers Association as amicus curiae.

*Opinion*

CALLAHAN, C. J. The issue in this appeal is whether General Statutes § 52-192a[1] authorizes a plaintiff to file,

---

[1] General Statutes § 52-192a provides: "(a) After commencement of any civil action based upon contract or seeking the recovery of money damages, whether or not other relief is sought, the plaintiff may before trial file with the clerk of the court a written 'offer of judgment' signed by him or his attorney, directed to the defendant or his attorney, offering to settle the claim underlying the action and to stipulate to a judgment for a sum certain.

with respect to a single defendant, more than one offer of judgment. We conclude that § 52-192a permits a plaintiff to file only one offer of judgment as to a particular defendant. Accordingly, we reverse the judgment of the trial court.

The following facts and procedural history are undisputed. On March 12, 1995, the plaintiff, Bridgett M. Shawhan, and the defendant, Jason S. Langley, were involved in a motor vehicle accident. The plaintiff brought this action against the defendant on November 16, 1995, alleging that she had sustained injuries as a result of the accident and that the defendant's negligent

The plaintiff shall give notice of the offer of settlement to the defendant's attorney, or if the defendant is not represented by an attorney, to the defendant himself. Within thirty days after being notified of the filing of the 'offer of judgment' and prior to the rendering of a verdict by the jury or an award by the court, the defendant or his attorney may file with the clerk of the court a written 'acceptance of offer of judgment' agreeing to a stipulation for judgment as contained in plaintiff's 'offer of judgment'. Upon such filing, the clerk shall enter judgment immediately on the stipulation. If the 'offer of judgment' is not accepted within thirty days and prior to the rendering of a verdict by the jury or an award by the court, the 'offer of judgment' shall be considered rejected and not subject to acceptance unless refiled. Any such 'offer of judgment' and any 'acceptance of offer of judgment' shall be included by the clerk in the record of the case.

"(b) After trial the court shall examine the record to determine whether the plaintiff made an 'offer of judgment' which the defendant failed to accept. If the court ascertains from the record that the plaintiff has recovered an amount equal to or greater than the sum certain stated in his 'offer of judgment', the court shall add to the amount so recovered twelve per cent annual interest on said amount, computed from the date such offer was filed in actions commenced before October 1, 1981. In those actions commenced on or after October 1, 1981, the interest shall be computed from the date the complaint in the civil action was filed with the court if the 'offer of judgment' was filed not later than eighteen months from the filing of such complaint. If such offer was filed later than eighteen months from the date of filing of the complaint, the interest shall be computed from the date the 'offer of judgment' was filed. The court may award reasonable attorney's fees in an amount not to exceed three hundred fifty dollars, and shall render judgment accordingly. This section shall not be interpreted to abrogate the contractual rights of any party concerning the recovery of attorney's fees in accordance with the provisions of any written contract between the parties to the action."

conduct had caused her injuries. On December 15, 1995, pursuant to § 52-192a and Practice Book § 346, now § 17-14,[2] the plaintiff filed an offer of judgment in the amount of $75,000 (first offer of judgment). The first offer of judgment was not accepted by the defendant within thirty days, and, consequently, it was deemed to have been rejected pursuant to § 52-192a (a). The plaintiff subsequently learned that the defendant's automobile liability insurance policy had a policy limit of $20,000, and, on January 14, 1997, she filed a second offer of judgment in the amount of $20,000 (second offer of judgment). The second offer of judgment also was not accepted by the defendant within thirty days.[3] The case was then tried before a jury, which returned a verdict in favor of the plaintiff. The jury found that, as a result of the accident, the plaintiff had sustained economic damages in the amount of $3602.90 and non-economic damages in the amount of $67,392, for total damages of $70,994.90. After reducing the damages by 50 percent to account for contributory negligence and by $2866.90 to account for collateral source payments,[4] the trial court rendered judgment awarding the plaintiff total damages of $32,630.55.

The plaintiff subsequently moved for prejudgment interest on the basis of § 52-192a because her damages award exceeded the amount of her second offer of

[2] Practice Book § 17-14, formerly § 346, provides: "After commencement of any civil action based upon contract or seeking the recovery of money damages, whether or not other relief is sought, the plaintiff may, before trial, file with the clerk of the court a written 'offer of judgment' signed by the plaintiff or the plaintiff's attorney, directed to the defendant or the defendant's attorney, offering to settle the claim underlying such action and to stipulate to a judgment for a sum certain. The plaintiff shall give notice of such offer of settlement to the defendant's attorney, or if the defendant is not represented by an attorney, to the defendant."

[3] Because we conclude that the plaintiff was entitled to file only one offer of judgment, the second offer of judgment was invalid and, thus, it is of no significance that the defendant did not accept that offer.

[4] See General Statutes § 52-225a.

judgment. The defendant objected to the plaintiff's motion for an additur, arguing that § 52-192a permits a plaintiff to file only one offer of judgment and that, because the plaintiff's damages award did not exceed the amount of her first offer of judgment, § 52-192a did not entitle her to an award of prejudgment interest. Concluding that § 52-192a authorizes a plaintiff to file more than one offer of judgment, the trial court granted the plaintiff's motion and, on the basis of her second offer of judgment, awarded her prejudgment interest pursuant to § 52-192a (b). The defendant appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to Practice Book § 65-1 and General Statutes § 51-199 (c).

On appeal, the defendant argues that the trial court improperly awarded the plaintiff prejudgment interest based on her second offer of judgment. Specifically, the defendant maintains that § 52-192a authorizes a plaintiff to file only one offer of judgment and that, consequently, the plaintiff's second offer of judgment does not provide a basis for an award of prejudgment interest. We agree.

We begin our analysis by noting that interpretation of § 52-192a is a matter of statutory construction. "Statutory construction is a question of law and therefore our review is plenary. . . . [O]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In seeking to discern that intent, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter." *General Motors Corp.* v. *Dohmann*, 247 Conn. 274, 286, 722 A.2d 1205 (1998); *Ferrigno* v. *Cromwell Development Associates*, 244 Conn. 189, 195, 708 A.2d 1371 (1998).

"As with any issue of statutory interpretation, our initial guide is the language of the operative statutory provisions." *In re Baby Z.*, 247 Conn. 474, 498, 724 A.2d 1035 (1999); *Federal Deposit Ins. Corp.* v. *Peabody, N.E., Inc.*, 239 Conn. 93, 102, 680 A.2d 1321 (1996). Section 52-192a, which sets forth the statutory scheme relating to an offer of judgment by a plaintiff, provides in relevant part: "(a) . . . [T]he plaintiff may before trial file with the clerk of the court a written 'offer of judgment' signed by him or his attorney, directed to the defendant or his attorney, offering to settle the claim underlying the action and to stipulate to a judgment for a sum certain. . . . Within thirty days after being notified of the filing of the 'offer of judgment' and prior to the rendering of a verdict by the jury or an award by the court, the defendant or his attorney may file with the clerk of the court a written 'acceptance of offer of judgment' agreeing to a stipulation for judgment as contained in plaintiff's 'offer of judgment'. Upon such filing, the clerk shall enter judgment immediately on the stipulation. If the 'offer of judgment' is not accepted within thirty days and prior to the rendering of a verdict by the jury or an award by the court, the 'offer of judgment' shall be considered rejected and not subject to acceptance unless refiled. Any such 'offer of judgment' and any 'acceptance of offer of judgment' shall be included by the clerk in the record of the case. (b) After trial the court shall examine the record to determine whether the plaintiff made an 'offer of judgment' which the defendant failed to accept. . . ." The language of the statute, which is framed in the singular, suggests, albeit not unambiguously or conclusively, that the statute contemplates one offer of judgment.

We next turn our attention to the genealogy and legislative history of § 52-192a. Prior to 1982, General Statutes (Rev. to 1981) § 52-192a provided in relevant part: "(a) . . . [T]he plaintiff may before trial file with the

clerk of the court a written 'offer of judgment' . . . offering to settle the claim underlying such action and to stipulate to a judgment for a sum certain. . . . If such 'offer of judgment' is not accepted within thirty days, such 'offer of judgment' shall be considered rejected and not subject to acceptance unless refiled. *Following such rejection of any 'offer of judgment,' the plaintiff may file a new 'offer of judgment' and may continue to do so up to the time of trial. All such 'offers of judgment'* and any 'acceptance of offer of judgment' shall be included by the clerk in the record of the case. (b) After trial the court shall examine the record to determine whether the plaintiff made an 'offer of judgment' which the defendant failed to accept. If the court ascertains from the record that the plaintiff has recovered an amount equal to or greater than the sum certain stated in his 'offer of judgment,' the court shall add to the verdict twelve per cent annual interest on the amount contained in such offer . . . . *For purposes of this computation, the largest 'offer of judgment' which was equal to or less than the verdict shall be used.* . . ." (Emphasis added.) Thus, prior to 1982, § 52-192a expressly permitted plaintiffs to file multiple offers of judgment up to the time of trial.

In 1982, however, by the enactment of No. 82-228 of the 1982 Public Acts (P.A. 82-228), the legislature amended § 52-192a to delete the language that had permitted plaintiffs to file multiple offers of judgment. Public Act 82-228 provides in relevant part: "(a) . . . [T]he plaintiff may before trial file with the clerk of the court a written 'offer of judgment' . . . offering to settle the claim underlying such action and to stipulate to a judgment for a sum certain. . . . If such 'offer of judgment' is not accepted within thirty days, such 'offer of judgment' shall be considered rejected and not subject to acceptance unless refiled. *Any such 'offer of judgment'* and any 'acceptance of offer of judgment' shall be

included by the clerk in the record of the case. (b) After trial the court shall examine the record to determine whether the plaintiff made an 'offer of judgment' which the defendant failed to accept. If the court ascertains from the record that the plaintiff has recovered an amount equal to or greater than the sum certain stated in his 'offer of judgment,' the court shall add to the verdict twelve per cent annual interest on the amount of the verdict . . . ." (Emphasis added.) The deletion of the language authorizing multiple offers of judgment is strong evidence that the legislature intended that a plaintiff be permitted to file only one offer of judgment.

Moreover, during the discussion on the floor of the Senate on Substitute House Bill No. 5131, the bill enacted as P.A. 82-228 and codified as § 52-192a, Senator Howard T. Owens, Jr., then cochairman of the judiciary committee, remarked: *"The Bill would change from unlimited to one of a number of offers of judgment which a plaintiff could make in a suit* and when the plaintiff is to receive interest in addition to judgment, would require that interest be a percentage of the amount awarded rather than the highest rejected offer of judgment." (Emphasis added.) 25 S. Proc., Pt. 10, 1982 Sess., pp. 3257–58. Senator Owens' remark unequivocally indicates that P.A. 82-228 was intended to limit to one the number of offers of judgment a plaintiff could file in an action. We conclude, therefore, that § 52-192a permits a plaintiff to file only one offer of judgment as to each defendant. Because the damages awarded to the plaintiff do not exceed the amount of the plaintiff's first offer of judgment, § 52-192a (b) does not entitle the plaintiff to an award of prejudgment interest.[5]

---

[5] We find unpersuasive the plaintiff's argument that her first offer of judgment, which was filed on December 15, 1995, was invalid because she sent notice of the offer to an attorney at the defendant's automobile liability insurer and did not provide the defendant with notice. Section 52-192a (b) provides that "[a]fter trial the court shall examine the record to determine whether the plaintiff made an 'offer of judgment' which the defendant failed

Finally, we note that, "[a]lthough General Statutes § 1-1 (f) provides that [w]ords importing the singular number may extend and be applied to several persons or things, and words importing the plural number may include the singular, we have held that because § 1-1 (f) uses the word 'may' it is clearly directory and not mandatory. . . . [S]uch statutory expressions are legislative statements of a general principle of interpretation. . . . The principle does not require that singular and plural word forms have interchangeable effect, and discrete applications are favored except where the contrary intent or reasonable understanding is affirmatively indicated." (Citation omitted; internal quotation marks omitted.) *Stamford Ridgeway Associates* v. *Board of Representatives*, 214 Conn. 407, 430, 572 A.2d 951 (1990). There is no contrary intent or reasonable understanding affirmatively indicated in § 52-192a. Rather, the legislative history and genealogy of § 52-192a clearly indicate that when the legislature enacted the statute, it intended that plaintiffs be permitted to file only one offer of judgment. "[We] cannot, by the process of construction, abrogate a clear expression of legislative intent." (Internal quotation marks omitted.) *Winchester* v. *State Board of Labor Relations*, 175 Conn. 349, 359, 402 A.2d 332 (1978).[6]

to accept. . . ." In this case, the trial court made a determination that, on December 15, 1995, the plaintiff made a valid offer of judgment that the defendant failed to accept. Moreover, the defendant has never challenged the sufficiency of notice with respect to the plaintiff's first offer of judgment and, in fact, acknowledges that he had received notice of the first offer of judgment.

[6] Although we recognize that the purpose of § 52-192a is to promote pretrial settlements by encouraging defendants to accept reasonable offers of judgment; *Willow Springs Condominium Assn., Inc.* v. *Seventh BRT Development Corp.*, 245 Conn. 1, 55–56, 717 A.2d 77 (1998); we note that the legislature has provided plaintiffs with eighteen months to evaluate their claims and to come up with a reasonable offer of judgment. The plaintiff in this case filed her first offer of judgment approximately one month after filing her complaint. It was only after discovering that the defendant had a $20,000 policy limit on his automobile liability policy that the plaintiff realized that her first offer of judgment was not reasonable, and, thus, she then filed

The judgment is reversed with respect to the award of offer of judgment interest and the case is remanded with direction to render judgment in favor of the plaintiff for $32,630.55.

In this opinion BORDEN and PALMER, Js., concurred.

MCDONALD, J., with whom BERDON, J., joins, dissenting. I do not agree that General Statutes § 52-192a, which provides for prejudgment interest under certain circumstances, limits the plaintiff to filing and refiling but a single offer of judgment.

I do not agree that the history of the statute and its amendment dictate the result reached by the majority in this case. Before its amendment in 1982, the statute provided that a plaintiff could file multiple offers of judgment, that those offers were to be kept in the case file and that the highest rejected offer equal to or less than the amount in the final judgment was to be used to compute the time and principal in determining the amount of prejudgment interest. The current statute plainly provides that a party may file an offer of judgment to be accepted within thirty days. If not accepted within thirty days, the offer will be "considered rejected and not subject to acceptance unless refiled." General Statutes § 52-192a (a). The statute further provides that "[a]ny such 'offer of judgment' . . . shall be included by the clerk in the record of the case . . . [and] [i]f the court ascertains from the record that the [judgment is] equal to or greater than the sum certain stated in [the plaintiff's] 'offer of judgment', the court shall add

her second offer of judgment in the exact amount of the defendant's policy limit. Policy limits of an insurance liability policy are readily discoverable within eighteen months of the filing of a complaint. See General Statutes § 52-200a; Practice Book § 13-12. Thus, plaintiffs are given ample time to evaluate a claim and put forth a reasonable offer of judgment pursuant to § 52-192a.

[prejudgment interest] . . . ." General Statutes § 52-192a (a) and (b). The legislature clearly eliminated comparison of a plaintiff's serial offers of judgment as a basis for computing the interest. By providing that there be one offer of judgment for that computation, the legislature did not forbid the plaintiff from refiling a different final and effective offer of judgment.[1] It is unrealistic to read the statute to contemplate that the plaintiff would refile the same offer of judgment already rejected. The effect would be only to set a later date for the interest to begin running, to the plaintiff's disadvantage. The only sensible reading of the right to refile is that this plaintiff may file a different figure at a later date, after having reevaluated her position, with a more realistic approach to settlement. This also would further the purpose of the legislation, which is to encourage pretrial settlements and reduce the civil logjam in our courts.

"In construing a statute, common sense must be used, and courts will assume that the legislature intended to accomplish a reasonable and rational result. *King* v. *Board of Education*, 203 Conn. 324, 332–33, 524 A.2d 1131 (1987)." (Internal quotation marks omitted.) *Summit Hydropower Partnership* v. *Commissioner of Environmental Protection*, 226 Conn. 792, 808, 629 A.2d 367 (1993). With that principle in mind, I would affirm the judgment of the trial court.

Accordingly, I respectfully dissent.

---

[1] Senator Howard T. Owens, Jr., stated that "[t]he Bill would change from unlimited to one *of a number* of offers of judgment which a plaintiff could make"; (emphasis added) 25 S. Proc., Pt. 10, 1982 Sess., p. 3257; and when interest was computed, "that interest be a percentage of the amount awarded rather than the highest rejected offer of judgment." Id., p. 3258. Nothing in the remarks of Senator Owens indicating an intent to end the computation of prejudgment interest based upon "the highest rejected offer of judgment" is clearly evidence that only a single offer of judgment was to be permitted.