[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The instant proceeding sounds in breach of contract of our Connecticut Unfair Trade Practices Act (CUTPA). The plaintiff alleges that on CT Page 8695 February 25, 1995, she contracted with the defendant, Danbury Mt. Kisco Saturn Partnership, d/b/a Saturn of Danbury, to purchase a new 1994 Saturn SW2 for the price of seventeen thousand three hundred twenty-eight dollars and thirty-four ($17,328.34) cents. The plaintiff further alleges that "shortly thereafter" she learned that the vehicle was not new, but was used. The defendant has filed a motion to strike both counts of the complaint on the ground that both claims are barred as this action was filed on February 10, 2000.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270 (1998). "A motion to strike admits all facts well pleaded." Parsons v. UnitedTechnologies Corp., 243 Conn. 66, 68 (1997). "The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp.,240 Conn. 576, 580 (1997). "In ruling on a motion to strike the trial court is limited to considering the grounds specified in the motion." (Citation omitted.) Meredith v. Police Commission, 182 Conn. 138, 140
(1980).
"[A] claim that an action is barred by . . . the statute of limitations must be pleaded as a special defense, not raised by a motion to strike. . . . If all of the facts pertinent to the statute of limitations are pleaded in the complaint and the parties agree that they are true, or if a statute creating the cause of action on which the plaintiff relies fixes the time within which the cause of action must be asserted, a motion to strike would [nonetheless] be allowed." (Citation omitted; internal quotation marks omitted.) Girard v. Weiss, 43 Conn. App. 397, 415,682 A.2d 1078, cert. denied, 239 Conn. 946, 686 A.2d 121 (1996).
In the present case, the contract at issue was for the sale of an automobile. Article 2 of the Uniform Commercial Code (UCC); 42a-1-101 et seq. of the General Statutes; governs contracts for the sale of goods and, thus, governs the transaction between the parties.
The defendant correctly argues that the statute of limitations for a claim of breach of contract is four years pursuant to UCC § 2-725 and § 42a-2-725 of the General Statutes.[1] Therefore, the defendant argues, the plaintiff's claim is time barred. The contract for sale, as alleged by the plaintiff, was dated February 25, 1995. This date would be the date of the breach as well as the accrual date. Therefore, the last date by which to file a complaint was February 25, 1999. The plaintiff's complaint is dated January 27, 2000, was filed with the court on February 10, 2000, and was served on the defendant on January 31, 2000. Count one CT Page 8696 is indeed time barred.
With respect to the second count, the defendant argues that, because the statute of limitations for a claim of a CUTPA violation is three years, that this count is also time barred. Section 42-110g(f) of the General Statutes. "As with any issue of statutory interpretation, our initial guide is the language of the operative statutory provisions." (Citations omitted; internal quotation marks omitted.) Shawhan v.Langley, 249 Conn. 339, 344 (1999). "[I]t is evident that the legislature intended that . . . CUTPA violators, should be permitted to avail themselves of the statute of limitations defense provided by § 42-110g
(f)." (Internal quotation marks omitted.) Willow Springs CondominiumAssn., Inc. v. Seventh BRT Development Corp., 245 Conn. 1, 45 (1998). This court, therefore, must also fall before the defendant's attack. The motion to strike is, accordingly, granted in its entirety.
Moraghan, J.