[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 10781
In this case tried to the court after remand from the Appellate Court (see 54 Conn. App. 609 (1999)), the court awarded plaintiff $50,674.70 in a decision rendered from the bench on June 30, 2000. The court also awarded prejudgment interest under Connecticut General Statutes §37-3a. Because the court had not done the interest calculations, and because it is, in the court's experience, the usual practice for offer of judgment issues to be dealt with after verdict, the court simply stated that it was unnecessary to decide at that time whether or not the offer of judgment was triggered.
Regrettably, the court apparently created some confusion among counsel because the court has now received a motion to strike plaintiffs offer of judgment, a motion for articulation and/or clarification, a motion to reconsider award of prejudgment interest and a motion for offer of judgment interest, together with more memoranda than the court could have ever hoped for.
The law is quite clear that in assessing whether offer of judgment interest is awardable under Connecticut General Statutes § 52-192a, the court must consider the amount of the verdict as well as any interest awarded as part of that verdict. Gillis v. Gillis, 21 Conn. App. 549
(1990).
The defendants move, somewhat belatedly, to strike the offer of judgment dated April 30, 1996, by motion to strike dated July 21, 2000. The motion to strike the offer of judgment is denied. The motion for articulation and/or clarification is granted to the extent that this memorandum is responsive to that motion. To the extent that it is not, the motion is denied. The motion to reconsider award of prejudgment interest is denied. Plaintiffs motion for offer of judgment of interest is granted.
While the defendants have offered a novel and inventive reading of § 52-192a, the court is faced with the following language fromShawhan v. Langley, 249 Conn. 339 (1999). "We conclude, therefore, that § 52-192a permits a plaintiff to file only one offer of judgment as to each defendant." Whether that statement is obiter dictum or not, the court feels constrained by that language from our Supreme Court in a decision rendered slightly more than one year ago. Therefore, the court will consider the offer of judgment filed within eighteen months of the date that the complaint was filed in court (July 11, 1995).
Prejudgment interest awarded by the court on June 30, 2000 and CT Page 10782 calculated to that day involves eight years of interest at ten percent per year on the verdict amount of $50,674.70. By the court's calculations that is $5,067.47 for each of the eight years between July 1, 1992 and June 30, 2000, for a total of $40,539.76.
Thus, the amount awarded by the court on June 30, 2000 totals $91,214.46. That figure exceeds the $60,000.00 offer of judgment dated April 30, 1996 and filed within eighteen months of the filing of the complaint with the court. Therefore, interest at twelve percent must be calculated for fifty-nine and one-third months on the amount of $91,214.46. The court calculates that amount to be $53,816.26 for a total judgment amount of $145,030.72.
Judgment shall enter accordingly.
Koletsky, J.