[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I FACTS AND BACKGROUND
The plaintiff, Marilyn C. Masopust, brings this action against the defendant, Citizens National Bank, alleging breach of contract in relation to an agreement between the parties, which provided that Citizens would purchase certain property from Masopust. Citizens has filed an amended answer with six special defenses and a four count counterclaim. The special defenses allege breach of contract, the plaintiff's inability to perform, breach of the implied covenant of good and marketable title, fraudulent concealment, breach of the implied covenant of good faith and fair dealings, and unclean hands. Citizens' counterclaim alleges breach of contract, specific performance, fraudulent concealment and a violation of General Statutes § 42-110a, et seq., the Connecticut Unfair Trade Practices Act (CUTPA). Essentially, Citizens alleges that, although Masopust attempted to sell it certain property and accepted a $5,000 deposit for such property, a third-party option contract, in favor of Stephen A. Solomon, existed on this property, which prevented Masopust from completing the sale to Citizens.
On December 26, 2000, Masopust filed a motion to strike all of the special defenses and the counterclaim on the ground that they are all legally insufficient because they are premised on a third-party option to purchase that was extinguished at the time the contract between the plaintiff and the defendant was to be performed. In the alternative, Masopust seeks to strike the first, second, third and sixth special defenses on the ground that they assert mere conclusions of law, the second count of Citizens' counterclaim on the ground that specific performance is not a proper remedy in this case, and the fourth count of CT Page 3178 the counterclaim on the ground that a CUTPA claim is not applicable in an action involving private parties in a private dispute over a single incident. In compliance with Practice Book § 10-42, the parties have timely filed memorandums in support of their opposing positions.
 II DISCUSSION A Option to Purchase
Masopust initially moves to strike all of Citizens' special defenses and its counterclaim on the ground that they rely upon a third-party option contract that was extinguished at the time their contract was to be performed. Specifically, Masopust argues that Solomon elected not to exercise his right of first refusal thereby extinguishing his option to purchase. "[T]he defendant's special defenses and counterclaim are grounded upon a phantom option to purchase, are insufficient as a matter of law and fail to state a claim upon which relief may be granted." (Masopust's Brief, p. 4.) A copy of Solomon's right of first refusal/option to purchase is attached to Masopust's memorandum in support of her motion to strike.
Citizens argues that Masopust improperly implicates facts that are outside of the pleadings, and, as such, her motion to strike is an improper speaking motion. In addition, Citizens argues that because Solomon is not a party to this action, even if the court were inclined to look at the option agreement attached to Masopust's memorandum, it would be unable to adjudicate Solomon's rights under the contract because he is not a party to this action. Accordingly, Citizens argues, Solomon's option presents a valid basis for its special defenses because "[t]he plaintiff has not properly challenged them because she has introduced new facts which should not be considered in a motion to strike." (Citizens' brief, p. 6.[1])
"A `speaking' motion to strike (one imparting facts outside the pleadings) will not be granted." Doe v. Marselle, 38 Conn. App. 360, 364,660 A.2d 871 (1995), rev'd on other grounds, 236 Conn. 845, 675 A.2d 835
(1996); see Connecticut State Oil Co. v. Carbone, 36 Conn. Sup. 181,182-83, 415 A.2d 771 (1979) ("[a]nnexation of an agreement to [a motion to strike] . . . makes it the equivalent of a `speaking motion to strike,' which is not proper"). "Where the legal grounds for such a motion are dependent upon underlying facts not alleged in the . . . pleading, the [opposing party] must await the evidence which may be CT Page 3179 addressed at trial, and the motion should be denied." Liljedahl Bros.Inc. v. Grigsby, 215 Conn. 345, 348, 576 A.2d 149 (1990). By attaching Solomon's right of first refusal/option to purchase agreement, which was not part of Citizens' pleading, Citizens submitted a speaking motion to strike, which is improper. See Connecticut State Oil Co. v. Carbone, supra, 36 Conn. Sup. 182-83. Accordingly, the motion to strike all of Citizens' special defenses and its counterclaim on the ground that Solomon's option to purchases had been extinguished is denied.
 B Special Defenses as Mere Conclusions of Law
Masopust next moves to strike Citizens' first, second, third and sixth special defenses on the ground that they allege mere conclusions of law unsupported by facts. Citizens objects, arguing that the sufficiency of the pleadings was previously address by Citizens' request to revise, and Citizens fails to identify any specific factual omissions.
"A motion to strike is properly granted if the [special defense] . . . alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992). Our rules of practice require that "[e]ach pleading shall contain a plain and concise statement of the material facts on which the pleader relies. . . ." Practice Book §10-1.
In its first special defense, Citizens alleges: "The alleged contract between plaintiff and defendant requires the plaintiff to convey to the defendant good and marketable title to the property. The plaintiff has materially breached the contract in that she cannot convey good and marketable title to the property due to (1) the existence of an option to purchase held by a third party, Dr. Stephen A. Solomon, and (2) Dr. Solomon's June 19, 2000 communication, through counsel, of his exercise of that option." In this special defense, Citizens has properly pleaded the allegation of breach of contract. Special defenses are appropriate where they allege facts which are consistent with the complaint but show, notwithstanding, that the plaintiff has no cause of action. See Practice Book § 10-50. Citizens' defense that Masopust breached the contract would establish that Masopust has no cause of action. Accordingly, the motion to strike Citizens' first special defense is denied.
The second special defense alleges the same facts as the first special defense but, in addition, alleges that Masopust was unable to perform due to Solomon's option. If Citizens' is able to prove that Masopust could CT Page 3180 not perform on the contract, it would establish that she has no cause of action. Accordingly, the motion to strike Citizens' second special defense is denied.
The third special defense alleges that "[t]he alleged contract between plaintiff and defendant contains an implied covenant that plaintiff will convey to the defendant good and marketable title to the property. The plaintiff is unable to perform that obligation due to (1) the existence of an option to purchase held by a third party, Dr. Stephen A. Solomon, and (2) Dr. Solomon's June 19, 2000 communication, through counsel, of his exercise of that option." Again, if Citizens' is able to prove the facts alleged therein, it would establish that Masopust has no cause of action. Accordingly, the motion to strike Citizens' third special defense is denied.
The sixth special defense alleges that "[t]he plaintiff comes to this court with unclean hands due to her breach of the contract, inability to perform, concealment, and bad faith, unfair dealing." "`The doctrine of unclean hands expresses the principle that where a plaintiff seeks equitable relief he must show that his conduct has been fair, equitable and honest as to the particular controversy in issue. . . . Unless the plaintiff's conduct is of such a character as to be condemned and wrongful by honest and fair-minded people, the doctrine of unclean hands does not apply.'. . . Bauer v. Waste Management of Connecticut, 239 Conn. 515,525, 686 A.2d 481 (1996). `It is also well settled that equitable defenses or claims may be raised in an action at law.' Kerin v. Udolf,165 Conn. 264, 269, 334 A.2d 434 (1973)." Perkins v. Gibson Financial, Superior Court, judicial district of Stamford/Norwalk at Stamford Docket No. 167156 (May 19, 2000, Mintz, J.) (special defense alleging unclean hands was proper in a breach of contract claim); see also Richards v.O'Neil, Superior Court, judicial district of Windham at Putnam, Docket No. 059813 (April 26, 1999, Sferrazza, J.). Citizens has alleged that Masopust engaged in dishonest conduct including breach of contract, inability to perform, concealment and bad faith and unfair dealings. Accordingly, the motion to strike the sixth special defense is denied.
 B The Counterclaim
Masopust next moves to strike counts two and four of Citizens' counterclaim, which allege specific performance and CUTPA, respectively. In relation to the specific performance count, Masopust argues that specific performance is an improper remedy under the facts of this case. Specifically, she argues that "it was the defendant who refused to perform the contract and consummate the closing and transfer of title. For the CT Page 3181 Defendant who sought rescission of the contract to now seek specific performance, is contrary to equitable principals (sic) and borders on a disingenuous claim." (Masopust's Brief, p. 5.)
Citizens argues that "[t]he dispute over who — the plaintiff or defendant — has breached the contract is the essence of this lawsuit. The plaintiff claims that she has remained ready, willing and able to sell the property to the defendant but that the defendant has breached their agreement by failing to buy the property. The defendant claims that it has remained ready, willing and able to purchase the property from the plaintiff but that the plaintiff is unable to sell the property because of Dr. Solomon's outstanding option to purchase, a cloud on the plaintiff's title to the property." (Citizens' Brief, p. 7.)
A party seeking specific performance must have performed or alleged that it is ready and willing to perform its reciprocal obligation under the same instrument. Ryan v. Rizzo, 114 Conn. 467, 472, 159 A. 272
(1932); see also Steiner v. Bran Park Associates, 216 Conn. 419, 423,582 A.2d 173 (1990). "He who seeks equity must do equity. He cannot demand as of right the aid of a court of equity to enforce in his own behalf an obligation of the other party to an instrument while disregarding an equally binding obligation upon himself arising out of the same instrument." Id.
Citizens alleges that it has a valid and enforceable contract with Masopust and is ready, willing and able to perform its obligations under said contact providing Masopust is willing to perform her obligations, namely, transferring good and marketable title to Citizens. These allegations are sufficient to support a cause of action for specific performance. Accordingly, the motion to strike the second count of the counterclaim is denied.
Lastly, Masopust moves to strike count four of Citizens' counterclaim, which alleges a violation of CUTPA on the ground that a CUTPA claim is "not applicable because the nature of the controversy between the private parties involves a private dispute over an isolated incident." (Masopust's Motion to Strike, p. 1.) Although other arguments are also presented in her brief the court is required to look only to the grounds Stated on the face of the motion. See Practice Book § 10-41 ("[e]ach motion to strike raising any of the claims of legal insufficiency enumerated in the preceding sections shall separately set forth each such claim of insufficiency and shall distinctly specify the reason or reasons for each such claimed insufficiency")
Masopust places great emphasis upon the holding in Renz v. MilanoDevelopment Corp., Superior Court, judicial district of New Haven at New CT Page 3182 Haven, Docket No. 361546 (October 20, 1994 Zoarski, J.) (12 Conn.L.Rptr. 328) for the proposition that an isolated act does not give rise to a CUTPA claim. However, Judge Zoarski, discussingRenz in a later decision, stated: "upon further consideration, in light of the majority of cases, recent commentary, and the remedial nature of CUTPA, a single act may constitute a CUTPA violation."Ballou Contracting Co. v. Khodadoust, Superior Court, judicial district of New Haven at New Haven, Docket No. 348028 (December 8, 1995,Zoarski, J.) (15 Conn.L.Rptr. 502, 504).
"[T]he majority of Superior Court decisions have held that a litigant does not need to allege more than a single act of misconduct in order to bring an action under CUTPA." (Internal quotation marks omitted.) Roachev. Rogers, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 3541 14. (July 26, 1999, Skolnick, J.) (citing a comprehensive list of cases adhering to this proposition). "Although there is a split of authority within the Superior Court as to whether a single act is sufficient to constitute a violation of CUTPA; L. Suzio Concrete Co. v.Citizens Bank of Connecticut, Superior Court, judicial district of New Haven at New Haven, Docket No. 398079 (August 7, 1998, Silbert, J.); the majority of Superior Court decisions have held that a party need not allege more than a single act of misconduct to bring an action under CUTPA.[2] To the extent that this unfortunate discord in the case law may be ascribed to the plural form in which the basic prohibition of CUTPA is phrased[3] . . . it is telling that General Statutes § 1-1
(f) provides that `words importing the plural number may include the singular.' While this rule is directory and only discrete applications of it are favored; Shawhan v. Langley, 249 Conn. 339, 347, 732 A.2d 170
(1999); the [movant has] pointed to nothing else in the text of CUTPA, its legislative history or the interpretation of the Federal Trade Commission Act by the Federal Trade Commission or the federal courts[4]
that requires the commission of multiple unfair or deceptive acts or practices before civil liability in a private cause of action may be imposed." (Footnotes in original.) Pollock v. Panjabi, Superior Court, Judicial District of New Haven at New Haven, Docket No. 402199 (May 17, 2000, Levin, J.) (27 Conn.L.Rptr. 316, 322).
Accordingly, Masopust's motion to strike count four of the counterclaim is denied.
 III CONCLUSION
Based upon the foregoing, Masopust's motion to strike is denied in its entirety. CT Page 3183
Judgment may enter accordingly,
Foley, J.