[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: OBJECTION TO ACCEPTANCE OF OFFER OF JUDGMENT
This case presents the unusual question of whether a defendant can file an acceptance of an offer of judgment and require the court to issue judgment upon it, despite the offer having been filed in error, without the plaintiffs consent and a withdrawal of it having been filed prior to its acceptance. This court will not issue judgment upon the acceptance under such circumstances.
The immediate motions before the court are the defendants' acceptance of offer of judgment, the plaintiffs objection to same and an objection by the defendants to the plaintiffs withdrawal of offer of judgment. Counsel filed initial and reply briefs on the motions, the court ordered and conducted an evidentiary hearing, including testimony by attorney Garrett Moore on February 5, 2001, and the parties thereafter filed supplemental briefs at the court's direction. By complaint dated December 6, 1999, and signed by Moore, the plaintiff, Thomas Porrini, initiated CT Page 8748 this suit against the defendant, Gordon Bissonnette, alleging negligence in connection with a motor vehicle collision of May 16, 1999, and resultant personal injury to the plaintiff. By motion to cite in and amended complaint of December 22, 1999, Robert Bissonnette was added as a defendant, as the alleged owner of the vehicle driven by Gordon Bissonnette.
On November 21, 2000, the plaintiffs counsel, Moore, mailed an offer of judgment offering to "compromise the claim . . . as to the defendants Gordon Bissonnette and Robert Bissonnette, for $20,000.00 and hereby offers to stipulate the judgment for the plaintiff, Thomas Porrini, in the amount of $20,000.00." That night Moore awoke with the realization that he had mistaken the plaintiffs case with another case now pending in New Britain, that of Alfonso Porriello. Moore personally handles the Porriello file but has not been handling the Porrini file since its outset, it being assigned to his partner, attorney William Yelenak. Moore consulted the next day with Yelenak and determined that neither had discussed an offer of judgment with Porrinni.[1] Indeed Moore has never met or spoken with Porrini and signed the writ simply because the file was initially referred to Moore. Neither Moore nor his firm had prior authority or subsequent consent from the plaintiff to file the offer of judgment or compromise his claim.
Moore immediately had hand-delivered to court a withdrawal of the offer of judgment, which states on its face "offer of judgment dated November 21, 2000 . . . filed by error". He also faxed a copy to the defendants' counsel. The withdrawal bears a date stamp from the court clerk's office some four hours after that on the offer of judgment, both being filed on November 22, 2000.
Despite notification of the plaintiffs withdrawal of the offer of judgment, the defendants filed an acceptance of the offer of judgment on December 7, 2000. That document is dated December 6, 2000, fourteen days after the filing of the offer of judgment and withdrawal of that offer.
The defendants argue that the plaintiffs withdrawal is improper because it is unauthorized under General Statutes § 52-192a which provides that "[t]he plaintiff shall give notice of the offer of settlement to the defendant's attorney. . . . Within thirty days after being notified of the filing of the `offer of judgment' and prior to the rendering of a verdict by the jury or an award by the court, the defendant or his attorney may file with the clerk of the court a written `acceptance of offer of judgment' agreeing to a stipulation for judgment as contained in plaintiffs `offer of judgment.'" The defendants argue that once an offer of judgment is made it is irrevocable for the statutory period of thirty days. The defendants insist that because they have accepted the offer, CT Page 8749 the court must enter a judgment upon such acceptance without regard to any lack of authority in Moore to make the offer. They also argue that Moore had authority to file the offer of judgment. In essence, they seek to obtain the benefit of Moore's mistake and claim they will be prejudiced if the court does not allow such.
The plaintiff argues that an offer of judgment may be withdrawn prior to its acceptance and that such was done here. He further argues that, in the absence of actual settlement authority, the plaintiffs counsel cannot bind the plaintiff by an offer of judgment. He objects to the acceptance of the offer of judgment.
Both counsel have briefed the question of whether an offer of judgment may be withdrawn with reference to the positions of other jurisdictions, which are generally split on the issue.[2] Both have analyzed the issue by analogy to contract, the plaintiff pointing to the well established principle that an offer may be revoked prior to acceptance, the defendants preferring the analogy to a contractual option, which is irrevocable for its period. The defendants argue alternatively that a contract analysis is irrelevant because the statutory and practice book language control and do not provide for an offer of judgment to be withdrawn. However, none of the cases cited from other jurisdictions or appellate cases from this jurisdiction deal with the peculiar and significant overriding aspect present in this case. This offer of judgment was never authorized by the plaintiff and was filed in complete, albeit understandable, error.
Shawhan v. Langley, 249 Conn. 339, 732 A.2d 170 (1999), our Supreme Court's foray into interpreting the language of General Statutes §52-192a, dealt only with the question of whether a plaintiff may address more than one offer of judgment to a defendant, to the defendant's detriment under the interest computation provisions of that statute. It does not address whether that one offer may be withdrawn or the implications of the offer being unauthorized and made in error.
It is well established that the attorney-client relationship is one of agency. See Kubeck v. Foremost Foods, Co., 190 Conn. 667, 673 n. 6,461 A.2d 1380 (1983); see also Gianetti v. Donahue, Superior Court, judicial district of Fairfield, Docket No. 319218 (September 27, 1996,Levin, J.). "It is a general rule of law that the principal in a principal/agent relationship is only bound by, and liable for, the acts [that] his agent does with or within the actual or apparent authority from the principal, and within the scope of the agent's employment." (Internal quotation marks omitted.) Newtown Assoc. v. NortheastStructures, Inc., 15 Conn. App. 633, 637-38, 546 A.2d 310 (1988). CT Page 8750
Moreover, "[a]n attorney who is authorized to represent a client in litigation does not automatically have either implied or apparent authority to settle or otherwise to compromise the client's cause of action." Acheson v. White, 195 Conn. 211, 213 n. 4, 487 A.2d 197 (1985). "The rule is almost universal that an attorney who is clothed with no other authority than that arising from his employment in that capacity has no implied powers by virtue of his general retainer to compromise and settle his client's claim or cause of action, except in certain conditions of emergency. Either precedent special authority from the client or subsequent ratification by him is essential in order that a compromise or settlement by an attorney shall be binding on his client."Cole v. Myers, 128 Conn. 223, 227, 21 A.2d 396 (1941).
It is clear that this offer of judgment is a compromise or settlement of the plaintiffs claim. Section 52-192a (a) characterizes an offer of judgment by a plaintiff as "offering to settle the claim". The language utilized by Moore in the offer of judgment includes compromise the claim . . . as to the defendants. . . ." It is clear that Moore offered to compromise and settle his client's claim, without condition of emergency, prior authority or subsequent ratification from his client. Under Cole v. Myers, the offer is not binding on the plaintiff.
The court does not, and need not, reach the issue of whether a general right exists in plaintiffs to withdraw offers of judgment prior to their acceptance. While the statute is silent as to that issue, it is not dispositive here. Absent his client's consent, Moore had no authority to file the offer. Section 52-192a, when properly utilized results in a "stipulation for judgment" of the case. The plaintiff should be no more bound by an unauthorized offer to stipulate to judgment via an offer of judgment than by an unauthorized motion for stipulated judgment filed without a party's consent. See Windsor Housing Authority v. Fonsworth, Superior Court, judicial district of Hartford, Docket No. HDSP 107882, H-1196, (June 29, 2000, Tanzer, J.).
The real significance of the withdrawal of offer of judgment is its very early notice to the defendants that the offer was filed in error. The defendants have claimed prejudice in that they will have to continue with the lawsuit if this court declines to enter judgment upon their acceptance of the offer of judgment. However, they have not specified any detrimental change in their defense of the claim because of the offer, which is unsurprising given the brief interval between the offer and withdrawal of same. The prejudice of which the defendants complain is simply the inability to take advantage of an unearned, unexpected, unauthorized and unjust gift.
As to the defendants' insistence that the court must enter judgment CT Page 8751 upon its acceptance of the offer, regardless of whether the offer was authorized by the plaintiff,[3] the court finds persuasive the position and language of the court in the almost identical case of Porcu v.Moore, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 52136, (June 27, 1997, Flynn, J.) (holding that an unauthorized offer of judgment by an attorney under General Statutes § 52-194, the companion statute to § 52-192a, is not binding on the client party). "Despite this statute, the court holds that the Superior Court retains jurisdiction and authority over its judgments and is not required to act in a programmed or robotic manner oblivious to important surrounding circumstances. `A judge is not an umpire in a forensic encounter.' Strong v. Carrier, 116 Conn. 262, 263, 164 A. 501
(1933). `He is a minister of justice.' Peiter v. Degenring, 136 Conn. 331,338, 71 A.2d 87 (1949)." Porcu v. Moore, supra, Superior Court, Docket No. 52136.
For the above reasons, the court declines to enter judgment upon the defendants' acceptance of offer of judgment. The plaintiffs objection to said acceptance is sustained.
James T. Graham Superior Court Judge